**FILED**

**February 8, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 A.M.**





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
## (HEARD JANUARY 10, 2018, AT JACKSON)

| | | |
|---|---|---|
| Nicole Bowlin | ) | Docket No. 2017-07-0224 |
| | ) | |
| v. | ) | State File No. 76010-2016 |
| | ) | |
| Servall, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Affirmed in Part, Vacated in Part, and Remanded
### Filed February 8, 2018

---

The employee, a pest control technician, was injured in a motor vehicle accident while traveling to a customer's home. The employer did not dispute that the accident occurred or that the employee was injured. Instead, it asserted that the employee's positive post-accident drug screen entitled it to the presumption afforded to participants in the Drug-Free Workplace Program that the employee's drug use was the proximate cause of her injuries. The trial court found that the employer was not a participant in the Drug-Free Workplace Program on the date of the accident and, therefore, was not entitled to the presumption set out in Tennessee Code Annotated section 50-6-110(c)(1) (2017). In addition, the trial court denied the employee's request for attorney's fees for the alleged wrongful denial of the claim under Tennessee Code Annotated section 50-6-226(d)(1)(B) (2017), but did award attorney's fees on the amount of outstanding medical bills pursuant to Tennessee Code Annotated section 50-6-226(a)(1). The trial court declined to award temporary disability benefits. The employer has appealed. We affirm the trial court's decision regarding the employer's participation in the Drug-Free Workplace Program, vacate the award of attorney's fees, and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge Timothy W. Conner joined. Judge David F. Hensley concurs separately.

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellant, Servall, LLC

Monica Rejaei, Memphis, Tennessee, for the employee-appellee, Nicole Bowlin

1

## Factual and Procedural Background

Nicole Bowlin ("Employee") suffered injuries in a motor vehicle accident on September 29, 2016, while in the course and scope of her employment with Servall, LLC ("Employer"), a pest control company. Employee, a pest control technician, was travelling to a customer's home when she rear-ended a vehicle stopped at an intersection. She was transported by ambulance to Volunteer General Hospital in Martin, Tennessee, where she was diagnosed with a fracture of her cervical spine. Due to the nature of her injuries, she was airlifted to Regional Medical Center in Memphis.

A drug screen performed after the accident revealed the presence of THC, a metabolite of marijuana.[1] Employer denied Employee's claim for workers' compensation benefits based on the drug screen. Employer took the position that its status as a participant in Tennessee's Drug-Free Workplace Program ("the Program") in years prior to Employee's accident entitled it to a presumption that Employee's drug use was the proximate cause of her injuries as provided for in Tennessee Code Annotated section 50-6-110(c)(1). Employee responded that, although Employer may have been a participant in the Program in the past, it was not a participant at the time she was injured and, therefore, was not entitled to the statutory presumption.

Employer submitted evidence that it had filed applications to participate in the Program every year since 2004 and that those applications had been accepted by the Program. However, no such application was filed in 2015, which would have encompassed the date of Employee's accident in 2016. The record contains an application dated August 20, 2015, on which there is a handwritten note stating, "[t]hey never received app @ state."[2] Employer acknowledged that it had no evidence to show the Program had received an application for the period covering Employee's date of injury. However, Employer asserted that its history of participation in the Program and its substantial compliance with other statutory requirements should entitle it to the benefits associated with being in the Program.

The trial court found Employer was not a member of the Program when Employee was injured and thus was not entitled to the presumption in section 50-6-110(c)(1). The court also concluded that Employer otherwise failed to prove Employee's marijuana use was the proximate cause of the accident and ordered Employer to provide medical benefits and to pay Employee's medical expenses. The trial court awarded attorney's fees based on the amount of outstanding medical bills pursuant to Tennessee Code Annotated section 50-6-226(a)(1), but declined to award attorney's fees for a purported wrongful denial of the claim under Tennessee Code Annotated section 50-6-

---

[1] Employee admitted that she smoked marijuana a few days before her September 29, 2016 accident.

[2] The record also contains an application that was filed with the Program several weeks *after* Employee was injured.

2

226(d)(1)(B).  The trial court also denied Employee's request for temporary disability benefits.[3]

Employer has appealed, contending that it should be allowed to reap the benefits of the Program, namely the presumption in section 50-6-110(c)(1), because it had substantially complied with the Program's requirements, and also that the trial court erred in awarding attorney's fees.  We agree with Employer regarding the award of attorney's fees, but disagree regarding the statutory presumption.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017).  When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court.  *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009).  However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence."  *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018).  Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions.  *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

### A.

Initially, we note that Employer cites Tennessee Code Annotated section § 50-6-217(a)(3) (2016) (repealed 2017) in support of its argument that the trial court's decision is not supported by substantial and material evidence.  Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record."  However, as we have previously observed, this code section was repealed effective May 9, 2017.  *See Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers'

---

[3] Employee has not challenged the trial court's denial of temporary disability benefits or its denial of attorney's fees based on a wrongful denial of the claim.  Thus, we do not address those issues.

Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transportation*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co., Inc.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017). Consequently, as noted above, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

## B.

As to the merits of this appeal, Employer raises two issues: (1) whether it is entitled to a presumption that Employee's drug use was the proximate cause of her injuries as provided for in Tennessee Code Annotated 50-6-110(c)(1), and (2) whether the trial court's award of attorney's fees based on unpaid medical bills pursuant to Tennessee Code Annotated section 50-6-226(a)(1) was premature.

### *Drug-Free Workplace Program*

The General Assembly has identified a number of circumstances in which workers' compensation benefits may not be recovered, one of which is when an employee's injury or death is due to the employee's intoxication or illegal drug use. Tenn. Code Ann. § 50-6-110(a)(3). If an employer has implemented a drug-free workplace program consistent with certain statutory and regulatory requirements and an employee fails a post-accident drug test, "then it is presumed that the drug . . . was the proximate cause of the injury." Tenn. Code Ann. § 50-6-110(c)(1). This presumption is not conclusive, however, but may be rebutted by clear and convincing evidence that the employee's intoxication or drug use was not the proximate cause of the injury. *Id.* On the other hand, if an employer has not implemented a drug-free workplace program, the employer bears the burden of establishing that the employee's intoxication or drug use was the cause of the accident in order to avoid paying benefits. *See* Tenn. Code Ann. § 50-6-110(b).[4]

---

[4] The purpose of the drug-free workplace program is to "promote drug-free workplaces in order that employers in this state be afforded the opportunity to maximize their levels of productivity, enhance their competitive positions in the marketplace and reach their desired levels of success without experiencing the costs, delays and tragedies associated with work-related accidents resulting from drug or alcohol abuse by employees." Tenn. Code Ann. § 50-9-101(a) (2017). Further, the General Assembly intended that "drug and alcohol abuse be discouraged and that employees who choose to engage in drug or alcohol abuse face the risk of unemployment and the forfeiture of workers' compensation benefits." *Id.* Consequently, if an employer implements a drug-free workplace pursuant to statute, the employer may require drug testing and, "if a drug or alcohol is found to be present in the employee's system at a level prescribed by statute or by rule," the employee may be terminated and forfeits workers' compensation benefits. Tenn. Code Ann. § 50-9-101(b).

The General Assembly has imposed certain requirements for employers that wish to participate in the Program.  As pertinent to this appeal, the legislature has determined that "[s]ubstantial compliance in completing *and filing* the [application] form . . . shall create a rebuttable presumption that the employer has established a drug-free workplace program and is entitled to the protection and benefit of this chapter."  Tenn. Code Ann. § 50-9-104(b) (2017) (emphasis added).  While an employer certified as a drug-free workplace is permitted to renew that certification on an annual basis without requiring repeated annual training, Tenn. Code Ann. § 50-9-101(a), there is nothing in these statutes that permits an employer's continued participation in the program without annually renewing its certification.  To the contrary, the statute makes clear that employers "desiring to establish a drug-free workplace *shall* file the form."  Tenn. Code Ann. § 50-9-104(b) (emphasis added).

Similarly, the regulations applicable to the Program require that

[a]ny employer seeking any benefits conferred by the Drug-Free Workplace Program *shall* file with the [Bureau of Workers' Compensation] the form promulgated by the Commissioner for that purpose.  From the date of *receipt*, such employer shall be rebuttably presumed to be entitled to all applicable benefits under the Drug-Free Workplace Program.

Tenn. Comp. R. & Regs. 0800-02-12-.15(1) (1998) (emphasis added).  Thus, both the pertinent statutes and the rules contemplate that employers seeking the benefits of the Program must file the required documents and, upon the Program's "receipt" of those documents, employers are presumptively entitled to the Program's benefits.

Here, there is no evidence that Employer filed an application covering Employee's date of injury.  Nor is there any evidence the Program received any such application.  Employer argues it should nonetheless be considered a participant of the Program because it complied with the Program's requirements in previous years.  We disagree.

While Employer may have been a participant in the Program in prior years, it was not a participant when Employee was injured.  To hold otherwise would require us to ignore section 50-9-101(a), which contemplates that an employer will renew its certification on an annual basis, ignore section 50-9-104(b), which mandates the filing of an application, and ignore Tenn. Comp. R. & Regs. 0800-02-12-.15(1), which states that "an employer seeking *any* benefits conferred by the Drug-Free Workplace Program *shall* file" the application and "[f]rom the date of receipt [of the application], such employer shall be rebuttably presumed to be entitled to all applicable benefits under the Drug-Free Workplace Program."  (Emphasis added.)  This regulatory language, which has the force of law, *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *7 (Tenn. Workers' Comp. App. Bd. May 18, 2015), is clear and unambiguous – an employer "shall" file an application if it expects to enjoy "any"

5

benefits conferred by the Program. *See Thomas v. Zipp Express*, No. 2015-06-0546, 2017 TN Wrk. Comp. App. Bd. LEXIS 22, at *11 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 15, 2017) (the word "shall" is plain and unambiguous).

Again, the record is devoid of evidence Employer filed an application with the Program covering Employee's date of injury. Nor does the record contain evidence that the Program issued its memorandum of receipt and acceptance of Employer's application as it had in prior years. The trial court concluded Employer was not a participant in the Program when Employee was injured. We agree, and affirm that part of the trial court's decision.

Because Employer is not entitled to the presumption that Employee's drug use was the proximate cause of her injury, the burden of proof is on Employer to establish its intoxication defense. Employer has presented no evidence Employee was intoxicated at the time of her injury or that such intoxication was the proximate cause of the accident. Accordingly, the trial court's order with respect to Employee's medical treatment and expenses is likewise affirmed.[5]

*Attorney's Fees Based on Unpaid Medical Bills*

The second issue raised by Employer is whether the trial court erred in awarding attorney's fees based on the amount of unpaid medical bills pursuant to Tennessee Code Annotated section 50-6-226(a)(1). Because this is a question of law, there is no presumption of correctness attached to the trial court's decision making such an award. *See Garassino v. Western Express*, No. 2014-07-0013, 2018 Tenn. LEXIS __, at *__ (Tenn. Workers' Comp. Panel Jan. 18, 2018).

Employer contends that an assessment of attorney's fees was not ripe because it may discover and assert additional defenses as the case progresses toward trial that would relieve it of the obligation to pay the medical bills. According to Employer, it decided to

---

[5] Employer relies on *Presley v. Bennett*, 860 S.W.2d 857 (Tenn. 1993) and *Commercial Insurance Company v. Young*, 354 S.W.2d 779 (Tenn. 1961) in support of its position that its substantial compliance with the Program's provisions entitles it to the benefits available to a participant of the Program. In *Presley* and *Young*, the notice to be filed with the state concerned agreements between two parties regarding workers' compensation insurance and who among two employers was obligated to provide workers' compensation insurance. Neither case concerned whether a party was entitled to certain statutory benefits because of its compliance with statutory requirements. Rather, the notice requirement in those cases was in place simply to notify the Bureau of the arrangement to which the parties had agreed. Thus, in both cases the Tennessee Supreme Court found that the statutes governing the particular factual circumstances in those cases were directory rather than mandatory and, therefore, substantial compliance with the statutory provisions was sufficient to find those agreements to be binding. Here, however, the requirements contained in the statute alter the legal relationship between the parties when an injured worker tests positive for drugs or alcohol and, thus, the filing requirement is mandatory, particularly given the wording of the pertinent statutes and regulations.

forego making other arguments in defense of the claim at the expedited hearing, electing instead to focus on whether it was entitled to the benefits afforded to participants of the Program at the time of Employee's accident.

The General Assembly has limited the amount of fees an attorney can recover. Specifically, "no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award to be paid by the party employing the attorney." Tenn. Code Ann. § 50-6-226(a)(1). The phrase "recovery or reward" includes contested medical expenses, *Langford v. Liberty Mut. Ins. Co.*, 854 S.W.2d 100, 102 (Tenn. 1993), but it does not include medical expenses voluntarily paid by an employer or its insurer, Tennessee Code Annotated section 50-6-226(a)(2)(A).

In a case addressing attorney's fees, albeit in the context of section 50-6-226(d)(1)(B), we noted that "[g]iven the twists and turns inherent in litigation, it seems the better practice is to resolve such issues after the litigation has run its course and the parties and the court no longer face uncertainties over future developments." *Andrews v. Yates Servs., LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (Tenn. Workers' Comp. App. Bd. May 23, 2017). We recently reiterated this view, observing that

> [g]iven the uncertainties inherent in litigation, the limited issues typically addressed at expedited hearings, the fact that discovery and medical proof often are incomplete at an interlocutory stage of a case, the standard of proof that applies at expedited hearings, and the fact that a trial judge's determinations at an interlocutory hearing are subject to change at any time prior to the entry of a final compensation hearing order, a decision to award attorneys' fees and expenses at an interlocutory stage of a case should be made only in extremely limited circumstances.

*Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS __, at *__ (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018).

There is nothing about the circumstances of this case that would remove it from the rule requiring highly unusual circumstances to warrant an award of attorney's fees at an interlocutory stage of the case. The parties are, after all, in the midst of developing their proof, formulating their legal theories, and otherwise fashioning their litigation strategies as they move toward trial. Parenthetically, we also note that the attorney's fees award based on contested medical expenses upheld by our Supreme Court in *Langford* were awarded at the end of the case, after a trial on the merits. *Langford*, 854 S.W.2d at 102; *see also Moore v. Town of Collierville*, 124 S.W.3d 93 (Tenn. 2004); *Wilkes v. Resource Auth.*, 932 S.W.2d 458 (Tenn. 1996).

Accordingly, we find that it was premature for the trial court to award attorney's fees at this stage of the case. Thus, that portion of the court's order is vacated.

## Conclusion

The trial court's determination that Employer was not a member of the Drug-Free Workplace Program and is not entitled to the presumption of causation under section 50-6-110(c)(1) is affirmed. The trial court's order awarding attorney's fees is vacated. The case is remanded for any further proceedings that may be necessary.



**FILED**

**February 8, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
## (HEARD JANUARY 10, 2018, AT JACKSON)

| | | |
|---|---|---|
| Nicole Bowlin | ) | Docket No. 2017-07-0224 |
| | ) | |
| v. | ) | State File No. 76010-2016 |
| | ) | |
| Servall, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

---

### Concurring Opinion – Filed February 8, 2018

---

David F. Hensley, J., concurring.

I agree with the lead opinion's analysis regarding the requirements of the Drug-Free Workplace Program. I also agree with vacating that part of the trial court's order awarding attorneys' fees based upon Tennessee Code Annotated section 50-6-226(a)(1) (2017), as it was premature for the trial court to award attorneys' fees at the expedited hearing. However, I maintain that neither Tennessee Code Annotated section 50-6-239(d)(1) (2017), which authorizes workers' compensation judges to hear disputed issues on an expedited basis, nor the regulations promulgated pursuant to Tennessee Code Annotated section 4-3-1409 (2017), authorize a workers' compensation judge to hear disputed issues concerning attorneys' fees at an expedited hearing that is held in accordance with Tennessee Code Annotated section 50-6-239(d). *See Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS __, at *__ (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (Hensley, J., concurring in part and dissenting in part).





**FILED**

**February 8, 2018**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:00 A.M.**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Nicole Bowlin | ) | Docket No.    2017-07-0224 |
| | ) | |
| v. | ) | State File No.  76010-2016 |
| | ) | |
| Servall, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of February, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Monica R. Rejaei | | | | | X | mrejaei@nstlaw.com |
| Gordon C. Aulgur | | | | | X | Gordon.aulgur@accidentfund.com |
| Allen Phillips, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov