ROBERT B. ASHLEY, EMPLOYEE, v. RENT-A-CAR COMPANY, INC., EMPLOYER AND COSMOPOLITAN INSURANCE COMPANY, CARRIER.

(Filed 17 April 1968)

**1. Master and Servant § 96—**

   G.S. 97-88 authorizes the Industrial Commission to award a fee to claimant's attorney as a part of the costs of an appeal by the insurer only when its decision orders the insurer to make or to continue payments of compensation to the claimant.

**2. Same—**

   The Industrial Commission is not authorized by G.S. 97-88 to award

fees to a claimant's attorney as part of the costs where its decision relates only to an award of medical and hospital expenses, since such expenses do not constitute compensation under the Workmen's Compensation Act.

**3. Master and Servant § 85—**

The Industrial Commission is a creature of the General Assembly and its jurisdiction is limited to that prescribed by statute.

THIS is an appeal from an order of the Industrial Commission filed 6 November 1967.

The facts and background of this case are fully set out in the decision of the Supreme Court reported in 271 N.C. 76, 155 S.E. 2d 755, and all of the facts will not be repeated.

*Hofler, Mount & White. by Richard M. Hutson, II, for plaintiff appellee.*

*Spears, Spears, Barnes & Baker for defendant appellants.*

CAMPBELL, J. The question presented is whether the Industrial Commission committed error in ordering that $1,400 of counsel fees for plaintiff's counsel be paid by defendants as part of the costs pursuant to G.S. 97-88.

After the decision of the Supreme Court, counsel for the employee petitioned the Industrial Commission to tax against the insurer, as part of the costs, a reasonable fee for the services rendered the injured employee, due to the "persistent appeals from the award of the North Carolina Industrial Commission."

The petition itemized in detail the various services rendered and the time consumed. Arguments were held on the petition on 16 October 1967 and thereafter the Commission entered an order approving counsel fees in the amount of $2,400. Of this sum, $1,400 was ordered paid by the defendant insurer as a part of the court costs pursuant to the provisions of G.S. 97-88.

It is from this order that the present appeal comes.

There is no controversy as to the reasonableness of the fee allowed.

This case presents a hardship situation with persistent appeals by the insurer from the Hearing Commissioner to the Full Commission, to the Superior Court, and to the Supreme Court. On each appeal, the insurer was unsuccessful, but the fact remains that the award throughout has been for medical treatments and at no time a "money allowance payable to the employee."

Under a differently worded Statute, the Florida Court has held that the award of compensation is not a prerequisite to the allowance

of attorney fees and the only requirement is "the successful prosecution of his claim" by the injured employee. *Ringling Bros.-Barnum & Bailey Combined Shows, Inc., v. Jones,* 134 So. 2d 244 (Fla. 1961), and *City of Miami Beach v. Schiffman,* 144 So. 2d 799 (Fla. 1962).

G.S. 97-88 authorizes reasonable attorney's fees as a part of the bill of costs, only when the decision "orders the insurer to make, or to continue payments of compensation to the injured employee."

Whether medical expenses, such as hospitals, doctors, and nurses, are to be considered within the term "compensation" has previously been decided and is no longer an open question. In the case of *Morris v. Chevrolet Company,* 217 N.C. 428, 8 S.E. 2d 484, the Court held: "The term 'compensation' means the money allowance payable to an employee or to his dependents, etc. The statute included funeral benefits, but omitted hospitals, doctors, and nurses." This case conclusively held that medical expenses, such as hospitals, doctors, and nurses, are not to be considered as "compensation." See also *Ivey v. Prison Department,* 252 N.C. 615, 114 S.E. 2d 812; *Thompson v. Railroad,* 216 N.C. 554, 6 S.E. 2d 38; *Whitted v. Palmer-Bee Co.,* 228 N.C. 447, 46 S.E. 2d 109.

In the absence of an order requiring "the insurer to make, or to continue payments of compensation to the injured employee," the Commission has no authority to award attorney's fees paid by the insurer.

The North Carolina Industrial Commission is a creature of the General Assembly and has a special or limited jurisdiction created by Statute and confined to its terms. *Bowman v. Chair Company,* 271 N.C. 702, 157 S.E. 2d 378.

The Statute does not permit the award of attorney's fees in this instance and, no matter the laudatory purpose involved, this Court is bound by the doctrine *lex scripta est.*

Reversed.

MORRIS and PARKER, JJ., concur.