**Tina LANGFORD, Plaintiff–Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY and Hartsville Convalescent Center, Inc., Defendants.**

Supreme Court of Tennessee, at Nashville.

May 10, 1993.

E. Guy Holliman, Frank D. Farrar, Farrar & Holliman, Lafayette, for plaintiff-appellant.

## OPINION

ANDERSON, Justice.

In this workers' compensation appeal, we are presented with a question of first impression—whether medical expenses awarded by a trial court are a part of the "recovery or award" under Tenn.Code Ann. § 50–6–226(a) (1991) and, therefore, subject to attorneys' fees. The trial court held, as a matter of law, that attorneys' fees could not be assessed against a judgment for medical expenses. We disagree and conclude that where medical expenses are a contested issue at trial, they are a part of the "recovery or award" set out in the statute and, therefore, subject to court-approved attorneys' fees.

### FACTUAL BACKGROUND

The plaintiff, Tina Langford, filed a complaint for workers' compensation benefits, including medical expenses, arising out of a fall occurring in the course of her employment with the defendant, Hartsville Convalescent Center, Inc. The employer and its insurance carrier, Liberty Mutual Insurance Company, denied liability for any benefits, including medical expenses, asserting as an affirmative defense that Langford was engaged in intentional horseplay and that the accident and injury did not arise out of her employment. At trial, the court rejected that defense and awarded Langford 60 percent permanent and total disability to the body for a period of 240 weeks at $96 per week, temporary total benefits of $4,251.42, and medical expenses in the amount of $17,939.51. The trial court judgment enumerated the medical expenses and specified that they would be paid by the defendants to Langford, who in turn was responsible for payments to the medical care providers. The judgment also ordered that attorneys' fees in the amount of 20 percent were proper upon "the total recovery herein."

Thereafter, a dispute arose between Langford and the defendants as to whether or not attorneys' fees were assessable against the funds held for payment to the medical care providers. The trial court resolved the dispute by holding as a matter

of law that medical expenses are not subject to attorneys' fees. The plaintiff appeals.

### ATTORNEYS' FEES

■ The issue presented is whether or not contested medical expenses awarded by a trial court are a part of the "recovery or award," as set out in Tenn.Code Ann. § 50–6–226(a) (1991), which provides as follows:

(a) The fees of attorneys and physicians and charges of hospitals for services to employees under the Workers' Compensation Law shall be subject to the approval of the court before which the matter is pending; provided, that no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the *recovery or award* to be paid by the party employing the attorney.

(Emphasis added.) The trial court's final judgment provided, with respect to attorneys' fees, that:

It appears to this Court that this matter was a matter of contested liability from the beginning by Defendants and, as a result, this Court finds it to be proper and hereby Orders that Plaintiff's attorney shall receive 20% of benefits previously paid to Plaintiff subsequent to the beginning of the representation of Plaintiff by these attorneys and the same percent of the total recovery set-out herein.

The attorneys' fee issue was first raised by the defendants after the entry of the final judgment. After a separate hearing, the trial court determined that it had no legal authority to assess attorneys' fees against medical expenses. Langford's attorney concedes that there are no reported cases interpreting Tenn.Code Ann. § 50–6–226, which allow attorneys' fees to be assessed against medical expenses. He argues, however, that the statutory term "recovery or award" is synonymous with the term "judgment," and that Tennessee courts have used the term "award" to include medical expenses recovered by employees in workers' compensation cases. *See Simpson v. Frontier Community*

*Credit Union*, 810 S.W.2d 147 (Tenn.1991). In addition, he contends there is nothing in the statutory scheme of Tenn.Code Ann. § 50–6–226(a) which would indicate that the legislature did not intend for medical benefits to be considered a part of the award or recovery for the purpose of awarding attorneys' fees. The defendants have been dismissed from the appeal at their request and they, therefore, take no position on this issue on appeal.

Most state courts have determined that attorneys' fees may be assessed on medical expenses recovered as part of a contested judgment. *See Ringling Bros.–Barnum & Bailey Comb. Shows v. Jones*, 134 So.2d 244 (Fla.1961) (attorneys' fees may be awarded where the compensation recovered is solely medical expenses); *Schiller v. Southwest Air Rangers, Inc.*, 87 N.M. 476, 535 P.2d 1327 (1975) (medical expenses are "compensation," and attorneys' fees can be awarded thereon); *Raulston v. Workmen's Compensation Appeal Board*, 146 Pa. Cmwlth. 635, 606 A.2d 668 (1992) (attorneys' fees may be awarded against medical expenses recovered); *John A. Miller & Assoc. v. Workmen's Compensation Appeal Board*, 150 Pa.Cmwlth. 634, 616 A.2d 131 (1992) (for purpose of attorneys' fee award, statutory language of "amount awarded" includes medical expenses); *Wommer v. Workmen's Compensation Appeal Board*, 84 Pa.Cmwlth. 275, 479 A.2d 661 (1984) (in appropriate circumstances, it is proper to award attorneys' fee based upon medical expenses); *Workmen's Compensation Appeal Board v. Leuschen*, 21 Pa.Cmwlth. 39, 342 A.2d 810 (1975) (statute allows reasonable attorneys' fees not exceeding 20 percent against the claimant's award, including medical expenses); *General Accident Fire & Life Assurance Corp. v. Hames*, 416 S.W.2d 894 (Tex.Civ.App.1967) (statutory language of "claim" includes medical expenses so as to allow a reasonable attorneys' fee thereon); *see also* 3 A. Larson, *Workmen's Compensation* § 8313(b), fn. 57, at 15–1320 (1989); *but cf Ashley v. Rent–A–Car Co., Inc.*, 1 N.C.App. 171, 160 S.E.2d 521 (1968) (attorneys' fees only recoverable on "compensation paid to employee and not on medical expenses); *Wait v. Montgomery Ward, Inc.*, 10 Or.App. 333, 499 P.2d 1340 (1972) (no statutory authori-

zation for attorneys' fees on medical expenses).

Some of the foregoing decisions have emphasized the remedial nature of workers' compensation statutes, their desire to ensure representation, and their reluctance to interfere with a private fee contract as reasons for allowing attorneys' fees to be awarded from medical expenses.

In another context, we expressed similar concerns, stating:

> Tennessee's workers' compensation laws were passed in derogation of the common law, those statutes are remedial in nature and are to be construed liberally in order to attain the purposes for which they were enacted.... Tennessee's workers' compensation laws must be construed so as to ensure that injured employees are justly and appropriately reimbursed for debilitating injuries suffered in the course of service to the employer.

*Betts v. Tom Wade Gin,* 810 S.W.2d 140, 142–43 (Tenn.1991) (citations omitted). We conclude that our workers' compensation laws should be construed so as to encourage adequate representation by counsel in contested claims. We think that representation would be less likely if medical expenses were not subject to attorneys' fees in a contested case, particularly where the medical expenses constitute all, or a significant part, of the recovery. As the trial court observed in this case:

> There are cases where the employee could not recover anything without the lawyer. There are cases where medical expenses may be up in the tens of thousands of dollars, yet the employee compensation may amount to only a few weeks. The possibility of a lawyer taking those cases would be rather small.

We, therefore, conclude that contested medical expenses are a part of the "recovery or award" specified in Tenn.Code Ann. § 50–6–226(a) on which attorneys' fees may be assessed. As we have observed in an earlier case, however, the trial judge has discretion to determine that an attorneys' fee of less than 20 percent is reasonable based on the circumstances of a particular case. *See Perdue v. Green Branch Mining Co., Inc.,* 837 S.W.2d 56 (Tenn.1992).

In this case, the trial court has already determined that an award of attorneys' fees in the amount of 20 percent of the medical expenses was reasonable under the facts of this case. Accordingly, no remand is required and attorneys' fees in the amount of 20 percent shall be awarded out of the medical expenses recovered in the judgment in the amount of $17,939.51. The costs of this appeal are assessed to the plaintiff, Tina Langford.

REID, C.J., DROWOTA and DAUGHTREY, JJ., and LEWIS, Special Justice, concur.