FILED

July 6, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:16 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| GREGORY E. POPE,<br>　　　　　Employee,<br><br>v.<br><br>NEBCO OF CLEVELAND, INC.<br>D/B/A TOYOTA OF CLEVELAND,<br>　　　　　Employer,<br><br>And,<br><br>TENNESSEE AUTOMOTIVE<br>ASSOCIATION SELF-INSURERS'<br>TRUST,<br>　　　　　Carrier. | Docket No.: 2015-01-0010<br><br>State File Number: 65681-2014<br><br>Judge Thomas Wyatt |

---

## ORDER AMENDING THE COURT'S COMPENSATION HEARING ORDER FOR MEDICAL BENEFITS AND GRANTING MR. POPE'S MOTION FOR DISCRETIONARY COSTS

---

This matter came before the undersigned workers' compensation judge on June 30, 2016, upon a Motion to Alter or Amend and a Motion to Require the Employer to Pay His Discretionary Costs, both filed by the employee, Gregory Pope, on June 23, 2016. Nebco of Cleveland, Inc., d/b/a Toyota of Cleveland (Toyota of Cleveland), the employer, responded to the motions on June 30, 2016. Upon consideration of the positions of the parties and the entire record, the Court partially grants Mr. Pope the relief sought in his Motion to Alter or Amend and grants his Motion for Discretionary Costs.

Mr. Pope's Motion to Alter or Amend requests that the Court amend its May 26, 2016 Compensation Hearing Order by: (1) requiring Toyota of Cleveland to document to him and the Court, within sixty days after May 26, 2016, the amount of each medical bill that Toyota of Cleveland pays pursuant to the Court's May 26, 2016 Order, and whether the vendors who received each such payment accepted it in full satisfaction of the charge

1

as billed; and (2) awarding Mr. Pope's attorney a twenty percent attorney's fee on all amounts paid by Toyota of Cleveland to satisfy the charges Mr. Pope incurred for treatment of his compensable injury.

Toyota of Cleveland did not oppose the imposition of conditions on its obligations under the Court's order, but asked that, in setting deadlines, the Court consider the difficulties inherent in paying charges under the workers' compensation fee schedule to providers already compensated by a health carrier. Additionally, Toyota of Cleveland objected to Mr. Pope's attorney's fee proposal, but did not oppose his motion for discretionary costs.

### *Toyota of Cleveland's Obligation to Report Payments of Medical Charges*

Mr. Pope's request for documentation of Toyota of Cleveland's compliance with the Court's Medical Benefits Order is reasonable. Accordingly, the Court will amend its May 26, 2016 order to require that Toyota of Cleveland promptly forward Mr. Pope's counsel documentation of payments tendered in compliance with the Compensation Hearing Order. Toyota of Cleveland shall also, upon receipt, forward Mr. Pope's counsel documentation of the providers' acceptance or rejection of the above-described payments. Toyota of Cleveland is not required to document the above to the Court.

The Court will not set a time limit for compliance with its order. Compliance begins with Mr. Pope, and/or the providers treating his compensable injury, properly submitting the compensable charges to Toyota of Cleveland. The Court will amend its May 26, 2016 Order to require that, within seven days after the issuance of this Order, Toyota of Cleveland shall instruct Mr. Pope, through counsel, and the providers treating his compensable injury regarding the proper method for submission of the subject charges for payment.

### *Mr. Pope's Attorney Is Entitled to an Attorney's Fee on Amounts Paid By Toyota of Cleveland In Satisfaction of the Charges Mr. Pope Incurred for Treatment of his Work-Related Injury*

In *Langford v. Liberty Mutual Ins. Co.,* 854 S.W.2d 100, 101-2 (Tenn. 1993), the Supreme Court held that contested medical expenses constitute a part of the award on which the employee's attorney may assess the statutory twenty percent attorney's fee for successfully prosecuting the employee's claim. Here, Mr. Brown successfully assisted Mr. Pope in establishing the compensability of his injury, which Toyota of Cleveland denied from the outset of the claim. Upon finding Mr. Pope's injury compensable, the Court ordered Toyota of Cleveland to pay the charges Mr. Pope incurred for treatment of his compensable injury.

At the Compensation Hearing, the parties stipulated that Toyota of Cleveland

2

submitted Mr. Pope's medical bills to its health insurer and that the health insurer paid the submitted charges directly to the subject provider. In view of that fact, the practical effect of the Court's award of Medical Benefits is that Toyota of Cleveland will pay the subject charges under workers' compensation and, after a provider receives payment under workers' compensation, it will then reimburse the health insurance carrier for the amount it previously paid in satisfaction of the subject charge.

The Court did not award Mr. Brown a fee for these charges because they were voluntarily paid by Toyota of Cleveland's health insurance carrier and, as such, the Court found that these payments fell within the prohibition in Tennessee Code Annotated section 50-6-226(a)(2)(A) (2015) that "[m]edical costs that have been voluntarily paid by the employer or its insurer shall not be included in determining the award for purposes of calculating the attorney's fee."

Mr. Pope asks the Court to reconsider its ruling on this point, contending the prohibition in section 50-6-226(a)(2)(A) is confined to voluntary payments made by the employer's workers' compensation carrier. Toyota of Cleveland disagrees, citing Tennessee Court Annotated section 50-6-226(d) (2015) as authority for the proposition that the Medical Benefits the Court ordered in its May 26, 2016 Order should not constitute a portion of Mr. Pope's award because Toyota of Cleveland "provided for" said treatment by submitting the charges for payment under its health insurance policy.

The Court could not locate, nor did counsel for the parties cite, direct precedent governing the interpretation of the pertinent language in section 50-6-226(a)(2)(A). However, to achieve harmonious operation of the law, a basic rule of statutory construction requires that the Court interpret statutory language in the context of the statutory scheme. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526-7 (Tenn. 2010).

The Court notes that the statutory definition of "employer" in Tennessee Code Annotated section 50-6-102(13) (2015), provides "[i]f the employer is insured, it [the definition of 'employer'] shall include the employer's insurer, unless otherwise provided in this chapter." The Court considers the above-cited use of the terms "employer" and "insurer" to be instructive on the interpretation of the term "costs that have been voluntarily paid by the employer or its insurer" in section 50-6-226(a)(2)(A). The legislative intent in section 50-6-102(13) was to bind an employer's workers' compensation carrier for the employer's obligations under the Workers' Compensation Law. On the other hand, the Court sees no rational interpretation of section 50-6-102(13) that would indicate the general assembly also intended this language to bind the interests of non-workers-compensation carriers, such as an employer's health insurance carrier, to the employer's obligations under the Workers' Compensation Law.

In view of the above, the Court finds the general assembly intended that the prohibition in section 50-6-226(a)(2)(A) apply solely to voluntary payments made by the

3

employer or its *workers' compensation insurer*. Accordingly, the Court grants Mr. Pope's Motion to Alter or Amend its May 26, 2016 Compensation Hearing Order to approve Mr. Brown's attorney's fee based on an amount calculated at twenty percent of the payments made by Toyota of Cleveland in payment for the treatment of Mr. Pope's compensable injury.

Toyota of Cleveland's objection grounded on section 50-6-226(d) is without merit. That statutory provision only applies where a dispute about the provision of medical benefits occurs after said benefits are the subject of a settlement or judgment. Such is not the situation here.

*Motion for Discretionary Costs*

Mr. Pope moves the Court to order Toyota of Cleveland and its carrier to reimburse, as discretionary costs, charges of $422.00 from Cleveland Reporting Co. and $90.00 from Elite Reporting Co. Mr. Pope incurred these charges for, respectively, one-half of the court reporter's bill for transcribing the depositions of Eddie Triplett and Mr. Pope and one-half of the bill for the appearance of a court reporter at the Compensation Hearing.

Toyota of Cleveland did not oppose the motion. Accordingly, the Court orders Toyota of Cleveland to reimburse Mr. Pope for the above-described court reporter expenses.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court amends its May 26, 2016 Compensation Hearing Order for Medical Benefits by requiring that Toyota of Cleveland promptly document to Mr. Pope, through counsel, the amounts it pays to satisfy the charges Mr. Pope incurred for treatment of his compensable injury, and, further, that it similarly document whether the providers accepted or rejected as a full and final payment the amounts so paid. Toyota of Cleveland will also instruct Mr. Pope, through counsel, and the providers treating his compensable injury regarding the proper method for submitting charges for payment under the Court's Order.

2. The Court amends its May 26, 2016 Compensation Hearing Order for Medical Benefits by awarding Mr. Pope's attorney an attorney's fee based on twenty percent of the amounts paid by Toyota of Cleveland to satisfy the charges incurred for treatment of Mr. Pope's compensable injuries.

3. The Court grants Mr. Pope's Motion for Discretionary Costs. Toyota of Cleveland shall reimburse Mr. Pope, as discretionary costs, the $422.00 bill from Cleveland

4

Reporting Co. for transcribing the depositions of Mr. Pope and Eddie Triplett, and the $90.00 bill from Elite Court Reporting for the appearance of a court reporter at the Compensation Hearing.

4. Counsel for Toyota of Cleveland shall file or cause to be filed a statistical data form in this claim within ten days of the date of entry of this order.

**ENTERED this the 6th day of July, 2016.**

_____

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Compensation Hearing Order to appeal the decision to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal your case to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty calendar days* of the date the Workers' Compensation Judge entered the Compensation Hearing Order.

3. Serve a copy of the Compensation Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of**

5

**Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The party filing the notice of appeal, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within fifteen calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the party filing the appeal may file a joint statement of the evidence within fifteen calendar days of the filing of the Compensation Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03 (2015).

6. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3) (2015).

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, this Order will become final by operation of law thirty (30) calendar days after entry, pursuant to Tennessee Code Annotated section 50-6-239(c)(7).**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 6th day of July, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| William J. Brown, Attorney | | | X | wjb@vollaw.com |
| Jennifer Orr Locklin, Attorney | | | X | Jennifer.locklin@farrar-bates.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov