IN THE COURT OF WORKERS' COMPENSATION CLAIMS
AT JACKSON



**FILED**

**July 16, 2020**

**TN COURT OF
WORKERS'
COMPENSATION
CLAIMS**

**8:12 A.M.**

| | | |
|---|---|---|
| NICOLE D. BOWLIN, | ) | Docket No. 2017-07-0224 |
| **Employee,** | ) | |
| v. | ) | |
| SERVALL PEST CONTROL, | ) | State File No. 76010-2016 |
| **Employer,** | ) | |
| and | ) | |
| ACCIDENT FUND INS. CO., | ) | Judge Allen Phillips |
| **Carrier.** | ) | |

## COMPENSATION ORDER

This case came before the Court by telephone on June 19, 2020, for a Compensation Hearing to determine whether Servall must pay an attorney's fee on disputed medical benefits. The Court declines to order Servall to pay a fee for the following reasons.

### History of Claim

After an evidentiary hearing, the Court entered an Expedited Hearing Order for Medical Benefits in which it held Ms. Bowlin would likely prevail in establishing a compensable injury. It ordered Servall to provide Ms. Bowlin medical treatment and to pay medical bills of $89,377.37. The Court also awarded Ms. Bowlin a twenty-percent attorney fee of those bills under Tennessee Code Annotated section 50-6-226(a)(1) (2019).

Servall appealed, and the Appeals Board affirmed the Court's holding that Ms. Bowlin would likely prevail on compensability. *Bowlin v. Servall. LLC*, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *12 (Feb. 18, 2018). However, the Board vacated the fee award, holding that, "[t]here is nothing about the circumstances of this case that would remove it from the rule requiring highly unusual circumstances to warrant an award of attorney's fees at an interlocutory stage of the case." *Id*. at *15, *citing Thompson v. Comcast Corp*., 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at*29 (Jan. 30, 2018). Thus, the Board

1

found it was "premature" for the Court to award attorney's fees on the disputed medical bills at the Expedited Hearing. *Id.* at \*15.

In June 2020, the parties settled the case but informed the Court that Servall did not agree to pay attorney's fees on the medical bills. So, the Court set a Compensation Hearing to resolve the issue and consider the terms of the settlement. The Court also asked the parties to brief the attorney's fee issue.

At the Compensation Hearing, the Court found the settlement secured Ms. Bowlin substantially the benefits to which she was entitled under law. The parties also stipulated that Servall had paid the contested medical bills under the Fee Schedule.

As to the fee dispute, Servall questioned the Court's authority to award attorney's fees on medical bills. Alternatively, it argued that if the Court were to award a fee, then it should be twenty percent of the amount Servall paid under the Fee Schedule and not twenty percent of the full amount.

Ms. Bowlin argued that *Langford v. Liberty Mut. Ins. Co.*, 854 S.W.2d 100, 102 (Tenn. 1993) allows attorney's fees on a "recovery or award" of contested medical expenses. Further, in *Reatherford v. Lincoln Brass Works, Inc.*, No. 01S01-9707-CV-0014, 1998 Tenn. LEXIS 33 (Tenn. Worker's Comp. Panel Jan. 26, 1998), the Panel held an attorney's fee on contested medical bills should be based on the total amount awarded at trial rather than on a reduced amount later agreed to by a provider. Thus, she requested the Court order Servall to pay a twenty percent fee based on the full amount of the medical bills.

The parties agreed the full amount of the medical bills was $89,337.37 and that Servall paid $24,382.08 under the Fee Schedule.

**Findings of Fact and Conclusions of Law**

Under Tennessee Code Annotated section 50-6-204(a)(1)(A), Servall must pay all reasonable and necessary medical expenses to treat Ms. Bowlin's injury. As relevant here, the Fee Schedule provisions state, "[e]xcept when a waiver is granted by the Bureau, in no event shall reimbursement [for medical expenses] be in excess of these Fee Schedule Rules that are in force on the date of service [.]" Tenn. Comp. R. & Regs. 0800-02-18-.02(2)(b)(4) (September, 2019). Reimbursement in excess of the Fee Schedule subjects the employer or carrier to civil penalties. *Id.*

Here, Servall paid Ms. Bowlin's medical bills under the Fee Schedule. The law does not require it to pay attorney's fees based on a percentage of the award. Instead, Tennessee

Code Annotated section 50-6-226(a) provides that attorney's fees are "to be paid by the party employing the attorney."

In *Wilkes v. Resource Auth. of Sumner Cty.*, 932 S.W.2d 458, 464 (Tenn. 1996), the Tennessee Supreme Court held the employee's attorney was entitled to a fee for recovery of medical expenses but said the fee must come out of the expenses and not from the employer. The Court called the result "not attractive," but held it was "not at liberty to rewrite Tennessee Code Annotated Section 50-6-226(a) to provide for attorney's fees in addition to the 'amount of the recovery or award.' Such a change would require legislative action." The Court also recognized "the practical impact of [its] holding is that the employee will not receive one hundred percent of [the medical bills]."

A Panel reached the same conclusion in *Brown v. State*, No. 01S01-9502-BC-000201995, Tenn. LEXIS 712 (Tenn. Workers' Comp. Panel Nov. 22, 1995), where it stated:

> When an employer or its insurer fails or refuses to promptly provide medical and hospital care, as required, it is an offense against the purpose of the Act. In this case, the employer denied any liability until the injured worker employed an attorney and filed a complaint, though it apparently had every reasonable opportunity and the means to comply with the requirements of the law.
>
> Nevertheless, the commissioner was correct in denying the claimant's application for an order requiring the employer to pay his attorney's fee for collecting medical expenses. . . . Regrettably, the claimant must pay that fee out of his recovery of disability benefits.

*Id*. at *10-11.

*Wilkes* and *Brown* control here. Though Servall paid the medical bills only after a Court order, and her attorney is entitled to a fee for obtaining that recovery, the Court cannot compel Servall to pay the fee. Under section 50-6-226(a), any fees on contested medicals must be paid by the party employing the attorney out of her recovery.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Ms. Bowlin's request for attorney's fees on the contested medical benefits.

2. The Court incorporates by reference the terms of the Settlement Agreement.

3. Servall shall pay the $150.00 filing fee to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 within five business days of this order becoming final, and for which execution might issue if necessary.

4. Servall filed a Statistical Data Form (SD-2) with the Settlement Agreement.

5. Absent an appeal, this order shall become final thirty days after entry.

**ENTERED July 16, 2020.**

_Allen Phillips_
**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Ms. Bowlin's Counsel's Application for Attorney's Fees

Technical record:
1. Expedited Hearing Order
2. Appeals Board Opinion
3. Order Granting Employer's Motion to Enforce Payment of Medical Expenses
4. Order Setting Compensation Hearing
5. Employee's Brief for Attorney's Fees
6. Employer's Brief in Opposition to Attorney's Fees

## CERTIFICATE OF SERVICE

I certify that a copy of this Compensation Hearing Order was sent as indicated on July 16, 2020.

| Name | Via Email | Service Sent To: |
|------|-----------|------------------|
| Monica R. Rejaei, Attorney for Employee | X | mrejaei@nstlaw.com |
| Gordon C. Aulgur, Attorney for Employer | X | Gordon.Aulgur@accidentfund.com |

*Penny Shrum*

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                  RDA 11082