FILED
June 23, 2022
6:45 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Cathy Cravens ) | Docket No.     2018-04-0295 |
| ) | |
| v. ) | State File No.   39315-2018 |
| ) | |
| Cummins Filtration, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Robert V. Durham, Judge ) | |

---

### Reversed, Modified, and Certified as Final

---

This appeal concerns a trial court's decision to exclude a portion of the parties' global settlement from the calculation of the employee's attorney's fee. The employee has appealed. Upon careful review of the statutes at issue and relevant precedent, we reverse the trial court's order, modify the order and the settlement agreement to reflect the original terms prior to the trial court's modification, and certify the modified order approving the settlement agreement as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin joined.

Peter Frech, Nashville, Tennessee, for the employee-appellant, Cathy Cravens

Fredrick R. Baker, Cookeville, Tennessee, for the employer-appellee, Cummins Filtration, Inc.

Patrick A. Ruth, Nashville, Tennessee, for appellee Abbie Hudgens, Administrator of the Tennessee Bureau of Workers' Compensation and the Tennessee Subsequent Injury and Vocational Recovery Fund

### Factual and Procedural Background

On May 24, 2018, Cathy Cravens ("Employee") was working for Cummins Filtration, Inc. ("Employer"), when she sustained severe injuries to her right arm and shoulder as a result of getting her arm caught in a machine. Employer accepted her claim as compensable and benefits were initiated. Following extensive medical care, Employee

1

was evaluated by a vocational expert, who concluded Employee had "little to no reasonable job opportunities to her that exist in significant numbers on a full-time basis within the competitive labor market." Thereafter, the parties agreed to add the Tennessee Subsequent Injury and Vocational Recovery Fund as a defendant in the case. On March 22, 2022, the parties entered into a tentative settlement of all issues in the case. Under the terms of the proposed settlement, Employer and Employee agreed that Employee was not permanently and totally disabled. Each defendant agreed to pay a lump sum amount, and a portion of the lump sum amount paid by Employer was to be used to fully fund a Medicare Set-Aside Arrangement ("MSA").[1] As a result, the Settlement Agreement, if approved, would terminate Employer's obligation to provide any additional benefits, including future medical benefits. In addition, Employee's attorney sought approval of his fee of 20% of the amount of the global settlement, to be paid by Employee from settlement proceeds.

When the settlement was presented to the trial court for approval, the court approved all terms of the settlement except for the amount of Employee's attorney's fee. The trial court concluded that Employee's attorney was not entitled to a fee from the portion of the settlement designated to fund the MSA. As a result, the trial court struck through the amount of Employee's attorney's fee, the net amount to be paid to Employee, and the monthly amortized benefit for Social Security set-off purposes in the Settlement Agreement, and it wrote different figures in the margin. The Court then issued a separate order approving the settlement agreement in which it cited a May 2004 Memorandum from the Centers for Medicare and Medicaid Services ("CMS") that it concluded supported its determination that Employee's attorney was not entitled to a fee from the amount used to fund the MSA. Employee has appealed.

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that we review de novo. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2021).

**Analysis**

The sole issue presented in this appeal is whether Employee's attorney is entitled to include the value of the MSA when seeking a fee of 20% of the award to the injured worker.

---

[1] "A Workers' Compensation Medicare Set-Aside Arrangement (WCMSA) is a financial agreement that allocates a portion of a workers' compensation settlement to pay for future medical services related to the workers' compensation injury, illness or disease." *Workers' Compensation Medicare Set Aside Arrangements*, https://www.cms.gov/Medicare/Coordination-of-Benefits-and-Recovery/Workers-Compensation-Medicare-Set-Aside-Arrangements/WCMSA-Overview, last visited June 22, 2022.

As an initial matter, we note that both Employer and the Subsequent Injury and Vocational Recovery Fund filed briefs stating that, because the resolution of the issue on appeal has no impact on the liabilities of their respective clients, "they do not take a position on this appeal."

Tennessee Code Annotated section 50-6-226(a)(1) governs attorneys' fees in workers' compensation cases. It provides:

> The fees of attorneys for services to employees under this chapter[] shall be subject to the approval of the workers' compensation judge before which the matter is pending, as appropriate; provided, that no attorney's fees to be charged employees shall be in excess of twenty percent (20%) *of the amount of the recovery or award* to be paid by the party employing that attorney. The department *shall* deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) *of the award to the injured worker* . . . .

Tenn. Code Ann. § 50-6-226(a)(1) (2018) (emphasis added). In *Henderson v. Pee Dee Country Enters.*, No. 2020-06-1013, 2021 TN Wrk. Comp. App. Bd. LEXIS 8 (Tenn. Workers' Comp. App. Bd. Mar. 8, 2021), we addressed the meaning of the phrase "award to the injured worker" in the context of a claim for death benefits, and we concluded the phrase encompasses an award of death benefits even if the scope and duration of such benefits are contingent on future events. *Id.* at *8-9.[2] Here, the amount of the settlement designated to fund the MSA is not contingent on any future event. Thus, we must now determine whether the phrase "award to the injured worker" includes amounts attributable to future medical benefits and, specifically, the amount used to fund an MSA.

In *Langford v. Liberty Mutual Ins. Co.*, 854 S.W.2d 100 (Tenn. 1993), the Tennessee Supreme Court addressed, as a question of first impression, whether contested medical expenses are "part of the 'recovery or award' under Tenn. Code Ann. § 50-6-226(a) (1991) and, therefore, subject to attorneys' fees." The court answered that question in the affirmative:

> We conclude that our workers' compensation laws should be construed so as to encourage adequate representation by counsel in contested claims. We think that representation would be less likely if medical expenses were not subject to attorneys' fees in a contested case, particularly where the medical expenses constitute all, or a significant part, of the recovery. As the trial court observed in this case:

---

[2] The Tennessee Supreme Court's Special Workers' Compensation Appeals Panel recently affirmed the two opinions we issued in *Henderson*. *See Henderson v. Pee Dee Country Enters.*, No. M2021-00970-SC-R3-WC, 2022 Tenn. LEXIS 215 (Tenn. Workers' Comp. Panel June 20, 2022).

> There are cases where the employee could not recover anything without the lawyer. There are cases where medical expenses may be up in the tens of thousands of dollars, yet the employee compensation may amount to only a few weeks. The possibility of a lawyer taking those cases would be rather small.
>
> We, therefore, conclude that contested medical expenses are a part of the "recovery or award" specified in Tenn. Code Ann. § 50-6-226(a) on which attorneys' fees may be assessed.

*Id.* at 102. As a result of this conclusion, the Court ordered that an amount equal to twenty percent (20%) of the contested medical expenses, which the trial court had already determined was reasonable, would be awarded as part of the attorney's fee. *Id.*

In *Harris v. Nashville Center for Rehabilitation and Healing*, No. 2019-06-1008, 2021 TN Wrk. Comp. App. Bd. LEXIS 9 (Tenn. Workers' Comp. App. Bd. Jan. 28, 2021), the employee's attorney sought to include contested medical expenses in the calculation of the attorney's fee, and we explained:

> The Tennessee Supreme Court has held that contested medical expenses are considered part of the "recovery or award" upon which attorney's fees may be based. We have previously noted that the 2013 Workers' Compensation Reform Act modified section 50-6-226(a), which governs awards of attorney's fees, but the changes did not vitiate or impair the precedent established in *Langford*. Thus, while the trial court is given discretion as to the award of attorney's fees, Employee's contested medical expenses are to be considered part of Employee's award for purposes of attorney's fees. . . . [A]n award of attorney's fees based on a percentage of unpaid medical expenses would be deducted from Employee's award.

*Id.* at *17 (internal citations omitted).

Here, the parties negotiated a global settlement of the claim, including the closure of future medical benefits and the funding of an MSA. It is unrefuted that Employee's counsel spent significant time and used his expertise in representing Employee and negotiating a settlement on her behalf, including the MSA. It is further unrefuted that Employee entered into a contract with her attorney in which she agreed to pay twenty percent of the total recovery, whether said recovery was obtained by settlement or trial, to her attorney as his fee, subject to the court's approval. No other party contested the reasonableness of the fee, and the trial court did not conclude that the fee was unreasonable.

In declining to approve the attorney's fee, the trial court reasoned that the amount of the settlement designated to fund the MSA was not "available" to Employee and, therefore, is not properly includable in the fee calculation. We respectfully disagree. The amount of the settlement used to fund the MSA does, in fact, inure to Employee's benefit because it relieves Employee of direct financial obligations attributable to certain future medical expenses. Moreover, Tennessee precedent does not distinguish between portions of a settlement "available" to the plaintiff versus portions that are "unavailable" in considering the amount of an attorney's fee. For example, the Supreme Court in *Langford* did not conclude that the amount of the award attributable to the payment of contested medical bills was "unavailable" to the employee and excludable from the attorney's fee calculation; in fact, it reached the opposite conclusion. The same rationale applies here.

Moreover, in our opinion in the second appeal in *Henderson*, we concluded that the second sentence of Tennessee Code Annotated section 50-6-226(a)(1) limits the discretion of the trial court to refuse to approve attorney's fees "in circumstances where the fee does not exceed 20% of the award to the injured worker." *Henderson v. Pee Dee Country Enters.*, No. 2020-06-1013, 2021 TN Wrk. Comp. App. Bd. LEXIS 26, at *13 (Tenn. Workers' Comp. App. Bd. July 23, 2021). Here, we conclude that the total amount of the settlement, including the amount designated to fund the MSA, is includable in the term "award to the injured worker" as used in section 226(a)(1). Thus, it was error for the trial court to exclude that amount in calculating and approving the attorney's fee.

Finally, we agree with Employee that the May 2004 Memorandum issued by CMS does not dictate the result reached by the trial court. The CMS Memorandum, even if instructive or persuasive authority in this case, merely states that funds used to pay administrative fees or expenses associated with the MSA, including attorney's fees, cannot come from the corpus of the monies used to fund the MSA.[3]

## Conclusion

For the foregoing reasons, we reverse the trial court's order with respect to the amount of the approved attorney's fee; modify the settlement agreement to reinstate the original amounts of the attorney's fee, the net recovery to the injured worker, and the amortized monthly benefit for Social Security set-off purposes; and certify as final the order and agreement as modified. Costs on appeal are taxed to Employee.

---

[3] Parenthetically, we note that Employee's attorney acknowledged that monies used to satisfy the attorney's fee "would not infringe upon the corpus of the MSA as approved by CMS." We recognize that there may be factual circumstances where an award of attorney's fees on the amount designated for an MSA may significantly lessen or even deplete the net recovery of the injured worker. However, as we noted in *Henderson II*, "wholly separate and apart from the provisions of Tennessee's Workers' Compensation Law governing attorney's fees, attorneys representing injured workers or their dependents must abide by Rule 8 of the Rules of the Tennessee Supreme Court, RPC 1.5, and any other rules, statutes, or regulations that govern fees in contingency fee cases." *Henderson*, 2021 TN Wrk. Comp. App. Bd. LEXIS 26, at *13 n.5.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

Cathy Cravens ) Docket No. 2018-04-0295
)
v. ) State File No. 39315-2018
)
Cummins Filtration, Inc., et al. )
)
)
Appeal from the Court of Workers' )
Compensation Claims )
Robert V. Durham, Judge )

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of June, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|------|------|------|------|------|------|
| Peter Frech | | | | X | pfrech@forthepeople.com |
| Fred Baker | | | | X | fbaker@wimberlylawson.com |
| Patrick Ruth | | | | X | patrick.ruth@tn.gov |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov