**Shirley M. BAGGETT, Plaintiff–Appellant,**

v.

**JAY GARMENT COMPANY and Liberty Mutual Insurance Co., Defendants–Appellees.**

Supreme Court of Tennessee, at Nashville.

March 9, 1992.

Thomas R. Meeks, Clarksville, for plaintiff-appellant.

Ramsey B. Leathers, Jr., Alagia, Day, Marshall, Mintmire & Chauvin, Nashville, for defendants-appellees.

## OPINION

REID, Chief Justice.

This workers' compensation case presents an appeal by the employee from the judgment of the trial court finding that the employer has not failed to provide the medical services to which the employee is entitled and dismissing the employee's petition that the employer be required to furnish the services of a chiropractor.

By judgment entered on October 12, 1983, the trial court found the employee to be permanently and totally disabled as the result of a work-related injury. In making that determination of disability, the court relied upon the testimony of a chiropractor who had treated the employee and had evaluated her condition, the orthopedic surgeon who had treated her, and an orthopedic surgeon who had seen her for the purpose of evaluation. According to the court's findings, the chiropractor began treating the employee on July 14, 1981, the day after the accident occurred, and had treated her regularly thereafter for approximately three months. The findings by the court recite that the chiropractor saw the employee periodically until a few days before the trial in July 1983, that he had made an evaluation of her condition, and that he had assessed her anatomical impairment at 30 percent to the body as a whole. The services of the chiropractor and the orthopedic surgeons were paid by the defendants as necessary medical expenses.

The order setting forth benefits due the employee states as follows:

> The Defendants shall provide all medical and surgical treatment, medicines, medical and surgical supplies and such other medical services necessary for the treatment of the injuries as may be reasonably required by T.C.A. § 50–6–204, pertaining to this injury to the Complainant as set out in T.C.A. § 50–6–204.

By petition filed June 20, 1990, the employee requested that the defendants be required to provide her the services of a chiropractor. The petition alleged that chiropractic care is the only treatment whereby she can obtain relief from constant pain caused by the work-related condition. The defendants opposed the motion on the grounds that since the entry of the judgment in 1983 the defendants have provided to the employee treatment by four physicians and have authorized treatment by three additional physicians and, therefore, they are not obligated to provide any further treatment.

In support of her motion, the employee filed the deposition of Dr. Rutherford, the chiropractor who treated her just after the accidental injury, as well as recently. Dr. Rutherford testified that his treatment caused the employee to have less pain, sleep better, and walk better. Rutherford described the treatment and stated it helped the employee "sometimes two weeks, sometimes a month, sometimes less than two weeks." According to his testimony, Dr. Rutherford expects that the employee will need chiropractic care periodically for the remainder of her life and that if she does not receive it, "in a few years she'll be a wheelchair case." He expressed the opinion that the services provided are necessary for the proper treatment of the

plaintiff. He agreed with the medical evidence filed eight years earlier at the original hearing that the employee would have periodic pain for the rest of her life, but stated that chiropractic treatment is the only treatment that can alleviate some of the pain, "unless she wants to stay drugged all the time."

The defendants offered no proof.

The court dismissed the petition stating,

There is no proof that the Defendants failed to meet the requirements of the statute relating to providing medical care. In absence of such failure, the Plaintiff does not have the right to select either the particular health care provider or the particular type treatment.

Plaintiff's position is that her employer knows or has reason to know that the medical services offered by the orthopedic surgeons, whose names were provided by her employer, are not providing the most helpful treatment for the injury. The substance of defendants' position is that their only obligations to the plaintiff are to furnish a list of at least three physicians and to pay for the services performed or ordered by the physicians authorized by the employer. They deny that they are obligated to furnish to plaintiff chiropractic services not ordered by the physicians.

Section 50–6–204(a)(1), T.C.A., requires the employer to "furnish free of charge to the employee such medical and surgical treatment, medicine, medical and surgical supplies ... as ordered by the attending physician ... as may be reasonably required." Subsection (a)(4) provides that the "injured employee shall accept the medical benefits afforded [under the statute]; provided, that the employer shall designate a group of three (3) or more reputable physicians or surgeons ... from which the injured employee shall have the privilege of selecting the operating surgeon or attending physician." Subsection (a)(4) further provides that the "listing of physicians or surgeons may include doctors of chiropractic within the scope of their licenses."

■ The employer is required to provide an employee who has sustained a compensable injury with medical care that "may be reasonably required." T.C.A. § 50–6–204(a)(1). The employee has the burden of establishing the "necessity and reasonableness" of charges incurred for treatment by providers not designated or otherwise approved by the employer. *Russell v. Genesco, Inc.*, 651 S.W.2d 206, 210 (Tenn.1983).

■ The defendants presented no proof in opposition to plaintiff's motion to provide chiropractic services. The testimony of Dr. Rutherford is competent medical evidence of the employee's condition. *Smith v. Hale*, 528 S.W.2d 543 (Tenn.1975). Therefore, there was before the court unrebutted evidence that chiropractic treatment would ameliorate to some extent chronic and permanent pain, reduce the need for analgesic medication, and prolong the employee's ability to remain ambulatory. The employer's assertion that it has submitted a list of physicians who are providing treatment is not an adequate response to this evidence. Consequently, the evidence preponderates against the trial court's action in dismissing the petition.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this Opinion.

Costs are taxed against the defendants-appellees.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.