IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 13, 2003 Session

# ROBERT TERRY MOORE v. THE TOWN OF COLLIERVILLE, ET AL.

**An Appeal from the Supreme Court Special Workers' Compensation Appeals Panel
Circuit Court for Shelby County
No. CT-001919-01      John R. McCarroll, Jr., Judge**

---

**No. W2002-02647-SC-R3-CV - Filed January 20, 2004**

---

In this workers' compensation appeal, we must determine whether an employer is liable to a health insurer who paid necessary and reasonable medical expenses incurred by an employee but did not intervene in the workers' compensation claim to protect its interest. Although the trial court found that the treatment was necessary and reasonable, it further found that the employer was not liable for the medical expenses paid by the employee's health insurer because the insurer failed to intervene and prove its interest. The employee appealed to the Special Workers' Compensation Appeals Panel, which transferred the case for full Court review without a recommendation. After reviewing the record and applicable authority, we have determined that the employer is liable to the employee's health insurer for all reasonable and necessary medical expenses and that the health insurer is not required to intervene in the workers' compensation suit. Because the record does not fully develop the nature and extent of the expenses paid by the health insurer, we remand to the trial court for that purpose and further action consistent with this opinion.

**Tenn. Code Ann. § 50-6-225(e) Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded to the Circuit Court**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Steve Taylor, Memphis, Tennessee, for the Appellant, Robert Terry Moore.

W. Timothy Hayes, Jr., Memphis, Tennessee, for the Appellees, The Town of Collierville and Tennessee Municipal League, Inc.

# OPINION

## BACKGROUND

At all times pertinent to this appeal, the employee, Robert Terry Moore, age 52, worked as an electrical inspector for the Town of Collierville in Shelby County, Tennessee. On October 21, 1999, August 10, 2000, and November 20, 2000, Moore sustained injuries to his neck and back in the course and scope of his employment. The first injury resulted from a fall from a ladder, the second occurred while inspecting a swimming pool electrical box, and the third, a neck injury, resulted from a fall off a porch while inspecting a home.

The employer, the Town of Collierville, treated these injuries as compensable and authorized medical treatment for Moore by Dr. Edward Pratt, an orthopaedic surgeon, and Dr. Fereidoon Parsioon, a neurosurgeon, both of whom treated him conservatively. Dissatisfied with his treatment, Moore, without the authorization of his employer, saw his family physician, Dr. Aram Hannissian, who referred him to Dr. David McCord, an orthopaedic surgeon, who performed fusion surgery on his neck. The employer refused to pay the unauthorized medical expenses. Moore then filed suit against the employer for the unauthorized medical expenses and permanent disability.

The following is a summary of the relevant proof at trial:

On June 29, 2000, Moore saw Dr. Edward Pratt, an orthopaedic surgeon authorized by the employer after the first work-related injury but before the second and third injuries. Dr. Pratt diagnosed a small disc bulge at C5-6 and facet irritability at C4-5 and C5-6. He did not think Moore was a surgical candidate and started him on a conservative course of treatment, including medication and physical therapy. Moore showed no improvement over the approximately two months of treatment. Dr. Pratt testified that Moore's symptoms were mechanically inconsistent with the bulging disc at C5 and 6, and that there was a psychological component to his injury. Dr. Pratt found no permanent disability, recommended no work restrictions, and discharged Moore from his care on August 22, 2000. He conceded that if Moore suffered a separate and new injury in November of 2000, "all bets were off" and that Dr. McCord "could have been correct in performing cervical fusion surgery."

During the course of Dr. Pratt's conservative treatment, Moore requested a second opinion. The employer then referred him to Dr. Fereidoon Parsioon, a neurosurgeon, whom Moore saw on a single occasion on August 11, 2000, *i.e.*, after the swimming pool injury but before the November 2000 porch fall injury. Moore reported intense cervical pain. Dr. Parsioon ordered a new MRI, which showed a central disc bulge at C4 and a disc protrusion at C5 and C6 of the cervical spine which, in his opinion, were not large enough to put pressure on the spinal cord or nerve root. Dr. Parsioon concurred with Dr. Pratt that the employee was not a candidate for surgery. He also testified that Moore seemed depressed and that this depression could be related to the employee's complaints of pain. Dr. Parsioon determined that there was no new injury and he found no disability.

Following the accident on November 20, 2000, Moore consulted his family physician, Dr. Aram Hannissian, without the authorization of his employer. Dr. Hannissian referred Moore to Dr. McCord, an orthopaedic surgeon. Dr. McCord first saw Moore on December 5, 2000. Moore described his work-place injuries, and Dr. McCord found decreased neck motion and pain. Moore's x-rays showed a previous fusion surgery at C6 and 7 for a work-related injury he sustained in 1996 and a disc protrusion or herniation at C4-5 and C5-6. Dr. McCord then performed a discogram, which demonstrated disc herniation which was painful and symptomatic at C4-5 and C5-6. After Dr. McCord discussed surgical and non-surgical options, Moore elected surgery.

On January 30, 2001, Dr. McCord performed surgery. The fusion surgery consisted of removal of the cervical discs which were replaced with bone taken from Moore's hip secured by plates and screws. According to Dr. McCord: "On his first postoperative visit on March 8th, 2001[,] . . . [Moore] stated he was doing exceptionally well, that he . . . [had] stopped taking [pain] medication. . . . He was very happy. His neck motion was improved . . . . His strength . . . had returned." Dr. McCord opined that Moore's work-related injuries caused his condition and that his permanent disability was twenty percent (20%) to the body as a whole. He was placed on work restrictions.

Although Moore suffered an automobile accident in March of 2001 which aggravated his symptoms, Dr. McCord testified that his assessment of Moore's condition and permanent disability did not take into consideration how that accident affected Moore's condition.

Because the employer refused to pay the unauthorized medical expenses, Blue Cross, Moore's personal health insurer, paid the vast majority of the medical expenses associated with the medical treatment provided by Dr. McCord. Moore was, however, billed for small co-payments.

Dr. Joseph Boals, an orthopaedic surgeon, evaluated Moore on March 11, 2002. Dr. Boals testified that his examination revealed loss of neck motion. Dr. Boals opined that Moore's neck condition was caused by work-related injuries and that his permanent disability to the body as a whole was thirty-four percent (34%) based upon the anatomic change resulting from the fusion surgeries and the disc excision. Dr. Boals also testified that the medical treatment provided by Dr. McCord and the associated medical expenses were reasonable, necessary and related to the employee's work injuries.

After his employer refused to pay for the unauthorized medical expenses, Moore filed suit against the employer alleging that his work-related injury caused him to incur medical expenses and to suffer permanent partial disability.

After considering the evidence outlined above, the trial court determined that as a result of his work-related injuries, Moore sustained a permanent medical impairment of thirty-five percent (35%) to the body as a whole and ordered the workers' compensation disability award to be paid in a lump sum. Despite finding that Moore's unauthorized medical treatment was reasonable and

necessary, the trial court held in abeyance the issue of whether Blue Cross was entitled to reimbursement from the employer for the unauthorized medical expenses.

Moore filed a motion to compel the employer to pay the unauthorized medical expenses to Blue Cross and attorney fees. The trial court denied the motion, holding that the health insurer was required to intervene in the worker' compensation suit before the employer would be required to reimburse it for the medical expenses. Moore appealed to the Special Workers' Compensation Appeals Panel, which transferred the appeal to this Court for review without a recommendation.

## STANDARD OF REVIEW

Our standard of review of factual issues in a workers' compensation case is de novo upon the record of the trial court, accompanied by a presumption of correctness of the trial court's factual findings, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2) (Supp. 2003); see also Houser v. Bi-Lo, Inc., 36 S.W.3d 68, 70-71 (Tenn. 2001). When the trial court has seen the witnesses and heard the testimony, especially where issues of credibility and the weight of testimony are involved, the appellate court must extend considerable deference to the trial court's factual findings. Houser, 36 S.W.3d at 71.

Our standard of review of legal issues, such as statutory interpretation, is de novo. Tucker v. Foamex, LP, 31 S.W.3d 241, 242 (Tenn. 2000). Moreover, we must interpret workers' compensation statutes "to promote and adhere to [their] purposes of securing benefits to those workers who fall within its coverage." Allen v. City of Gatlinburg, 36 S.W.3d 73, 75 (Tenn. 2001) (quoting Lindsey v. Smith & Johnson, Inc., 601 S.W.2d 923, 925 (Tenn. 1980)); see also Tenn. Code Ann. § 50-6-116 (1999).

## ANALYSIS

The question of first impression presented by this appeal is whether an employer is liable to a health insurer who paid necessary and reasonable medical expenses incurred by an employee as the result of a work-related injury but did not intervene in the workers' compensation suit to seek reimbursement.

The employee contends that the employer is liable for unauthorized medical expenses deemed to be reasonable and necessary, that an award of such expenses should result in the employee's attorney collecting the statutory attorney fee, and that a third-party insurer that has paid the medical expenses need not intervene in a workers' compensation claim for a court to order reimbursement.

Conversely, the employer contends first that it is not liable for the unauthorized medical expenses at all and that the employee's attorney is not entitled to a statutory attorney fee based on the recovery of the medical expenses. Next, the employer contends that even if it is responsible for

-4-

the unauthorized medical expenses, the third-party health insurer must intervene in the claim to secure reimbursement from the employer.

We begin our analysis by reviewing the provisions of the workers' compensation statute that state an "employer . . . shall furnish free of charge to the employee such medical and surgical treatment, medicine, medical and surgical supplies . . . as ordered by the attending physician and hospitalization, . . . made reasonably necessary by accident as herein defined," namely a work-related injury. Tenn. Code Ann. § 50-6-204(a)(1) (Supp. 2003). We have previously held that when an employee receives medical care for a work-related injury that has not been authorized by the employer, the employee must establish the necessity and reasonableness of the charges before the employer is responsible. See Baggett v. Jay Garment Co., 826 S.W.2d 437, 439 (Tenn. 1992).

Where an employer is liable for such medical expenses, the employer must pay the medical providers directly for the costs of such care, rather than the employee personally. See Staggs v. Nat'l Health Corp., 924 S.W.2d 79, 81 (Tenn. 1996) (construing Tenn. Code Ann. § 50-6-204(a)(1)). Where the employee has personally paid for the disputed medical treatment, however, the employer shall reimburse the employee personally. See id.; see also State Auto Mut. Ins. Co. v. Hurley, 31 S.W.3d 562, 565 (Tenn. Workers' Comp. Panel 2000). Additionally, where medical expenses are contested and the employee prevails, the amount awarded in compensation for those expenses become part of the benefits upon which attorney's fees are calculated. Wilkes v. Res. Auth. of Sumner County, 932 S.W.2d 458, 463 (Tenn. 1996); see also Tenn. Code Ann. § 50-6-226 (Supp. 2003) (providing for the payment of attorney's fees in workers' compensation cases).

As previously stated, it is well-settled that an employer may be liable for an injured employee's unauthorized medical expenses when the employee proves that the treatment was reasonable and medically necessary. See Baggett, 826 S.W.2d at 439. Accordingly, the first issue raised by the employer is easily resolved. It is clear that the employee here proved the disputed treatment was reasonable and medically necessary; therefore, the trial court correctly found that the employer was liable for the unauthorized medical expenses and attorney's fees.

The more difficult issue of first impression is whether the employer is liable for unauthorized medical expenses established as reasonable and necessary when the expenses were paid by a third-party health insurer that did not intervene in the workers' compensation claim to seek reimbursement. It is undisputed that the medical providers of this treatment were compensated by the employee's health insurer, rather than by the employer or any direct payment by the employee, except perhaps, for small co-payments. It is also undisputed that the health insurer did not intervene in the workers' compensation claim to seek reimbursement.

Although this Court has not addressed this specific issue, two Workers' Compensation Appeals Panels have done so and reached opposite results. In Brackins v. Sevier County, No. 038S01-9607-CV-00083, 1997 WL 198783 (Tenn. Workers' Comp. Panel April 22, 1997) (no motion for full court review filed), the Panel stated that "[w]e are not persuaded by the [employer's] argument that the group hospitalization insurer's failure to request reimbursement in this case affects

the [employer's] liability under Tennessee Workers' Compensation Law." Id. at *3. In Prosser v. Bedford County Bd. of Educ., No. M2000-02424-WC-R3-CV, 2001 WL 1006078 (Tenn. Workers' Comp Panel September 4, 2001) (motion for full court review denied), however, the Panel held that an employer shall not be held liable to reimburse health insurance carriers who have paid work-injury related medical expenses in cases where the carriers have not become parties to the claim and where the total extent of the reasonable and necessary medical expenses has not been proved. Id. at *5.

Tennessee Code Annotated section 50-6-204(a)(1), part of the workers' compensation statutory scheme, makes it crystal clear that the employer is obligated to the employee to pay reasonable and necessary medical expenses for work-related injuries. The workers' compensation statutes, however, do not provide for or prohibit employer reimbursement of medical expenses to a third-party health insurer for treatment which was reasonable and necessary, and they do not address the question of intervention.

The legislature has decided that it is the employer's statutory responsibility to pay reasonable and necessary medical expenses for work-related injuries and that workers' compensation provisions should be construed to achieve their remedial purpose. See Tenn. Code Ann. § 50-6-116 (1999) & § 50-6-204 (Supp. 2003). Accordingly, where an employer does not authorize or pay for medical expenses and instead forces an employee who seeks early treatment to use personal health insurance benefits to pay for expenses that are later determined to be necessary and reasonable, a health insurer should not be required to intervene to be reimbursed for the medical expenses it paid, and the employee should not be required to force such intervention. Indeed, allowing health insurers to receive reimbursement without formally intervening in workers' compensation claims is consistent with the remedial nature of the workers' compensation statutes because it may result in employees having earlier access to medical treatment and the full range of workers' compensation benefits. Conversely, requiring health insurers to intervene in workers' compensation claims to protect their potential reimbursement interests may have a chilling effect on health insurers' willingness to pay claims that could ultimately be deemed "work-related" and thus outside their contractual obligations.

Our holding supports the remedial policy goals of the workers' compensation statutes on a practical level as well. As noted, once a finding has been made that the employee's injury is work-related, the health insurer can seek reimbursement from the employer for expenses paid on the employee's behalf because health insurance contracts do not cover work-related injuries. Before such a finding is made, however, employees may have difficulty recovering expenses from either the employer or a health insurer and could ultimately be forced to either pay for their own medical expenses[1] or delay treatment altogether. Clearly, this is not a result envisioned under the workers' compensation statutes.

---

[1] Presumably, in a case where neither the employee's personal health insurer nor the employer would pay for medical expenses, the employee could bring a claim against the employer and interplead the health insurance carrier. See Tenn. R. Civ. P. 22. This, however, may likewise create a barrier that is inconsistent with the policy of providing complete and early access to reasonable and necessary medical treatment, as well as the payment of medical expenses to health care providers.

Accordingly, the language and the remedial policy of the workers' compensation statutes do not require that a third-party health insurer intervene to obtain reimbursement for medical expenses from the employer.[2]  We therefore hold that the employer is liable to the health insurer for unauthorized but reasonable and necessary medical expenses incurred in the course of treatment of the employee's work-related injuries and paid for by the health insurer.  Because the record does not fully reflect the medical expenses paid by the health insurer or the employee, if any, this case must be remanded to the trial court.

Upon remand, the trial court should determine whether and to what extent a third-party health insurer paid medical expenses on behalf of the employee which were reasonable, necessary and on account of the work-related injuries in this claim.  The trial court shall then order the employer to pay the third-party health insurer that amount as reimbursement and to pay the employee for medical expenses incurred for co-payments, if any.  The employee's attorney shall be entitled to the statutory attorney's fee based on these additional recovered medical expenses.

## CONCLUSION

After reviewing the record and applicable authority, we conclude that the employer is liable for all medical expenses deemed reasonable and necessary as the result of the work-place injury and shall be required to reimburse the employee's health insurer who has paid those expenses without the necessity of the insurer intervening in the workers' compensation claim.  We therefore modify the trial court's judgment and remand to the Circuit Court for further action consistent with this opinion.  Costs on appeal are taxed to the defendant, the Town of Collierville.

_____

E. RILEY ANDERSON, JUSTICE

---

[2] Since the language of Tennessee Code Annotated section 50-6-204 does not address this problem, we have crafted this solution.  The legislature may likewise wish to address these issues to establish a statutory procedure.