

**FILED**
**Mar 01, 2021**
**01:42 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **MICHAEL PAYNE,** | ) | **Docket Nos. 2020-06-1140A,** |
| **Employee,** | ) | **2020-06-1140B** |
| **v.** | ) | |
| **ROAD SCHOLAR STAFFING, INC.,** | ) | **State File Nos. 48475-2020,** |
| **Uninsured Employer,** | ) | **48477-2020** |
| **And** | ) | |
| **YELLOWSTONE** | ) | **Judge Joshua D. Baker** |
| **TRANSPORTATION GROUP,** | ) | |
| **Uninsured Employer.** | ) | |

---

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

---

This claim came before the Court on Mr. Payne's request for expedited hearing by review of the record without an evidentiary hearing. Neither of the alleged employers filed a response or participated in mediation.

Mr. Payne requested temporary disability and medical benefits, including payment of bills for treatment of injuries to his neck, back, and left shoulder. The Court holds he is likely to prove at a final hearing that these injuries arose primarily out of and in the course and scope of employment with Road Scholar. The Court orders Road Scholar Staffing to provide medical treatment and pay outstanding medical bills related to these injuries.

### Claim History

Mr. Payne claims he suffered injuries from a rollover accident in Colorado on June 6, 2020, when his co-worker lost control of a tractor trailer, overturning it on its left side while Mr. Payne slept in the sleeper section. In one record, he described how "everything fell" on him, including luggage, the top bed, and cabinet. Force from the accident ejected his coworker through a window, and she died on the scene.

Both an accident report and medical records show that Mr. Payne arrived at the hospital from the accident site complaining of neck, head, and left-shoulder pain. After some CT scans, the doctor assessed the injuries as a neck sprain, posterior left-skull contusion, left-shoulder sprain, and a right-finger abrasion. The doctor also observed that Mr. Payne had "mild pain distress" with "moving his left shoulder."

According to Mr. Payne, when he asked for temporary benefits from a supervisor a few weeks later, Road Scholar Staffing refused and ceased further contact with him.

Upon his return home to Alabama, he sought treatment from a local hospital, where x-rays revealed "no acute abnormality" but could not exclude "the possibility of subtle or occult injuries that may not be initially evident." The provider diagnosed cervical and lumbar strains and a left-shoulder sprain, and he referred Mr. Payne to an orthopedist for his shoulder.

The orthopedist ordered an MRI of Mr. Payne's cervical spine and left shoulder, which revealed "some partial thickness cuff tearing in his shoulder" and "multiple disc protrusions with stenosis in his cervical spine." After conservative care, the doctor noted that Mr. Payne "probably has a rotator cuff tear" and should "go ahead with arthroscopy, decompression, and repair if indicated." However, it does not appear that Mr. Payne had this surgery, as his only later records are for chiropractic treatment.

Mr. Payne incurred bills totaling $19,920.50 for medical treatment, including emergency care in Colorado, treatment at his local hospital, and orthopedic and chiropractic treatments.

After he filed a Petition for Benefit Determination, a compliance specialist discovered that Road Scholar Staffing had no "previous or current workers' compensation policies." The specialist's report detailed Mr. Payne's account of his employment with Road Scholar Staffing, a Nashville-based business. After applying through a recruitment app for truck drivers, "John" hired him. Mr. Payne estimated that about fifty people worked for the company. He also submitted an email showing he received an e-check "From: Roads Scholar Staffing, Inc." The memo section read, "Payroll 6/1-6/7."

About the relationship between the two alleged employers, Mr. Payne testified in his affidavit that Yellowstone Transportation Group owns Road Scholar Staffing. However, no documentation was filed to explain the connection, if any, between the two companies. The only mention of Yellowstone in the record is on the accident report under "Carrier Name."

**Findings of Fact and Conclusions of Law**

Mr. Payne need only present sufficient evidence at this stage that he is likely to prevail at a final hearing. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

Mr. Payne must first show that he is Road Scholar Staffing's employee and Road Scholar Staffing is an employer subject to Workers' Compensation Law. The Court finds Mr. Payne's affidavit and email showing he was on Road Scholar Staffing's payroll as sufficient evidence that he is likely to prevail in proving he was its employee.

An employer includes a business "using the services of not less than five (5) persons for pay[.]" *See* Tenn. Code Ann. §§ 50-6-102(13), 50-6-106(5). Here, Mr. Payne told the Bureau's compliance specialist that Road Scholar Staffing employs approximately fifty people. No evidence was offered to refute this allegation. So, the Court accepts his statement as sufficient evidence showing he will likely prevail in proving Road Scholar Staffing is subject to the Workers' Compensation Law.

Aside from the employment relationship, Mr. Payne must also show that he suffered a work injury, meaning his alleged injuries arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14). An injury occurs in the course of employment if it takes place while the employee was performing a duty he or she was employed to perform. *Fink v. Caudle*, 856 S.W.2d 952, 958 (Tenn. 1993). Here, the Court finds the affidavit, medical records, and accident report suffice to show he will likely prevail in proving he was in the course of his employment when injured.

Turning to the "arising out of" requirement, an injury arises primarily from employment when "the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Various details and statements from Mr. Payne's affidavit, accident report, and medical records combine to portray acute trauma, particularly to his body's left side. Emergency responders brought Mr. Payne to the hospital directly from the deadly accident. The tractor trailer he was in overturned on its left side. Immediately and consistently, he has complained of left-sided pain, especially shoulder pain. The Court finds Mr. Payne is likely to prevail in proving his injuries arose primarily out of his employment.

Mr. Payne requested medical benefits, including payment of past medical bills, and temporary disability benefits. Although the Dispute Certification Notice stated that benefits from the Uninsured Employers Fund is an issue, the Court cannot find that Mr. Payne is eligible for those benefits, since he was not a Tennessee resident when injured. *See* Tenn. Code Ann. § 50-6-801(d)(3).

3

Concerning medical benefits, an employer is required to provide reasonable, necessary treatment for work injuries at no cost to the injured worker. *Id.* at § 50-6-204. This means Road Scholar Staffing must provide reasonable and necessary medical treatment for Mr. Payne's work injury.

As for past medical treatment, the Tennessee Supreme Court explained this responsibility as follows:

> When an employee receives medical care for a work-related injury that has not been authorized by the employer, the employee must establish the necessity and reasonableness of the charges before the employer is responsible. Where an employer is liable for such medical expenses, the employer must pay the medical providers directly for the costs of such care, rather than the employee personally. Where the employee has personally paid for the disputed medical treatment, however, the employer shall reimburse the employee personally.

*Moore v. Town of Collierville,* 124 S.W.3d 93, 98 (Tenn. 2004) (Internal citations omitted).

Here, Mr. Payne's medical records show his accident required immediate emergency care. Also, upon his return home, his records illustrate the necessity of additional diagnostic testing and treatment from an orthopedist for injuries suffered in the accident. From these records, the Court determines he will likely prevail in proving the reasonableness and necessity of those expenses at trial.

As for temporary disability benefits, an injured worker is eligible for temporary total disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of his disability. *Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978). Here, Mr. Payne did not present sufficient evidence from which the Court can determine that his injury disabled him from working or for what duration. Without expert medical proof, the Court denies his request for temporary disability benefits at present.

When an injury requires medical care, an employer must provide a panel of physicians. Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). The employer must offer the panel "as soon as is practicable but no later than three (3) business days" after being notified of the injury and the request for medical care. Where the employer fails to provide a panel, the employer may be assessed a civil penalty. Tenn. Comp. R. & Regs. 0800-02-01-.06(1)-(2) (2018).

The Court finds that Road Scholar Staffing ignored its legal obligation to provide Mr. Payne a choice of physicians. The Court refers Road Scholar Staffing to the Compliance Program for appropriate action, if any, based on its failure to provide a panel

4

of physicians as required by the Workers' Compensation Law.

**IT IS ORDERED** as follows:

1. Road Scholar Staffing shall provide Mr. Payne reasonable, necessary, and related medical treatment.

2. Road Scholar Staffing must pay for past medical treatment Mr. Payne received related to his injury.

3. The Court denies Mr. Payne's request for temporary disability benefits at this time.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

5. This case is set for a status conference on **Monday, May 10, 2021, at 9:00 a.m. (CDT)**. **You must call 615-741-2113. Failure to call might result in a determination of issues without your further participation.**

ENTERED March 1, 2021.

_____
**Judge Joshua D. Baker**
**Court of Workers' Compensation Claims**

5

# APPENDIX

The Court considered the following:

1. Petitions for Benefit Determination
2. Dispute Certification Notices
3. Affidavit of Michael Payne
4. Filing Information from Division of Business Services, Department of State: Road Scholar Staffing
5. State of Colorado, Traffic Accident Report
6. Expedited Request for Investigation Report
7. Request for Investigation
8. Email from Roads Scholar Staffing, Inc. entitled "Here's your check from Roads Scholar Staffing Inc. for $784.59"

# CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on March 1, 2021.

| Name | Certified Mail | Via Fax | Via Email | Address |
|---|---|---|---|---|
| Stephan Karr, Employee's Attorney | | | X | steve@flexerlaw.com nancy@flexerlaw.com |
| Roads Scholar Staffing, Inc. | X | | | 3200 West End Ave., Suite 500 Nashville, Tennessee 37203 |
| Yellowstone Transportation Group | X | | | 301 McCullough Dr., Suite 400 Charlotte, North Carolina 28262 |
| Compliance Program | | | | WCCompliance.Program@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party):_____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*