# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
### AT JACKSON
Assigned on Briefs June 21, 2021

## NICOLE BOWLIN v. SERVALL, LLC, ET AL.

**Appeal from the Workers' Compensation Appeals Board**
**Court of Workers' Compensation Claims**
**No. 2017-07-0224   Allen Phillips, Judge**

FILED

AUG 1 3 2021

Clerk of the Appellate Courts
Rec'd By

**No. W2020-01708-SC-R3-WC – MAILED 7/14/21**

Nicole Bowlin ("Employee") filed a workers' compensation claim against Servall, LLC ("Employer") alleging injuries suffered in a work-related motor vehicle accident. Employer initially denied the claim. After an expedited hearing, the Court of Workers' Compensation Claims ("trial court") ordered Employer to pay Employee's medical expenses and awarded attorney's fees under Tennessee Code Annotated section 50-6-226(a)(1). The Workers' Compensation Appeals Board ("Appeals Board") vacated the award of attorney's fees as premature and remanded the case. The parties settled the case as to all issues except for attorney's fees. The trial court approved the settlement agreement but declined to order Employer to pay the attorney's fees authorized by section 50-6-226(a)(1). The Appeals Board affirmed. Employee appealed. The appeal has been referred to the Special Workers' Compensation Appeals Panel for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. We affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix.

**Tenn. Code Ann. § 50-6-217(a)(2)(B) (Supp. 2020) Appeal as of Right;**
**Decision of the Workers' Compensation Appeals Board Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which WILLIAM B. ACREE, SR. J., joined. Don R. Ash, SR. J., not participating.

Monica R. Rejaei, Memphis, Tennessee, for the appellant, Nicole Bowlin.

Gordon C. Aulgur, Lansing, Michigan, for the appellees, Servall, LLC, and Accident Fund Insurance Co.

## OPINION

Employee worked for Employer as a pest control technician. On September 29, 2016, she suffered injuries in a motor vehicle accident while traveling to a customer's home. Employer initially denied her claim for workers' compensation benefits.

After an expedited hearing, the trial court ordered Employer to pay Employee's medical expenses but declined to award attorney's fees for a purported wrongful denial of the claim under Tennessee Code Annotated section 50-6-226(d)(1)(B) (Supp. 2020). The trial court did, however, award attorney's fees based on the unpaid medical expenses under Tennessee Code Annotated section 50-6-226(a)(1) (2014 & Supp. 2020). Employer appealed. The Appeals Board affirmed the trial court's order with respect to Employee's medical expenses, vacated the award of attorney's fees as premature at the expedited hearing stage, and remanded the case.

The parties then settled the case as to all issues except Employer did not agree to pay the attorney's fees authorized by section 50-6-226(a)(1). After a compensation hearing, the trial court approved the settlement agreement but declined to order Employer to pay the attorney's fees on the contested medical benefits based on the language in section 50-6-226(a)(1). The Appeals Board affirmed and certified as final the trial court's order.

In this appeal, the determinative issue is whether Employer may be liable for the attorney's fees authorized in section 50-6-226(a)(1). Upon due consideration, we affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix. Costs of this appeal are taxed to Nicole Bowlin, for which execution may issue if necessary.

ROGER A. PAGE, JUSTICE

2

APPENDIX

## (OPINION OF THE WORKERS' COMPENSATION APPEALS BOARD)

### Factual and Procedural Background

A recitation of the full history of the litigation is not necessary to address the present appeal, but we have, for context, set out portions of the factual and procedural background from our earlier decision following the employer's appeal of a September 2017 expedited hearing order of the Court of Workers' Compensation Claims.

> Nicole Bowlin ("Employee") suffered injuries in a motor vehicle accident on September 29, 2016, while in the course and scope of her employment with Servall, LLC ("Employer"), a pest control company. Employee, a pest control technician, was travelling to a customer's home when she rear-ended a vehicle stopped at an intersection. She was transported by ambulance to Volunteer General Hospital in Martin, Tennessee, where she was diagnosed with a fracture of her cervical spine. Due to the nature of her injuries, she was airlifted to Regional Medical Center in Memphis.

> A drug screen performed after the accident revealed the presence of THC, a metabolite of marijuana. Employer denied Employee's claim for workers' compensation benefits based on the drug screen. Employer took the position that its status as a participant in Tennessee's Drug-Free Workplace Program ("the Program") in years prior to Employee's accident entitled it to a presumption that Employee's drug use was the proximate cause of her injuries as provided for in Tennessee Code Annotated section 50-6-110(c)(1)
> . . . .

> . . . .

> The trial court found Employer was not a member of the Program when Employee was injured and thus was not entitled to the presumption in section 50-6-110(c)(1). The court also concluded that Employer otherwise failed to prove Employee's marijuana use was the proximate cause of the accident and ordered Employer to provide medical benefits and to pay Employee's

3

medical expenses. The trial court awarded attorney's fees based on the amount of outstanding medical bills pursuant to Tennessee Code Annotated section 50-6-226(a)(1), but declined to award attorney's fees for a purported wrongful denial of the claim under Tennessee Code Annotated section 50-6-226(d)(1)(B) . . . .

*Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *2-4 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018) (footnotes omitted).

We affirmed the trial court's decision regarding Employer's failure to prove participation in the Drug-Free Workplace Program for the relevant time period, but we vacated the award of attorney's fees under section 50-6-226(a)(1), finding "it was premature for the trial court to award attorney's fees at [the expedited hearing] stage of the case." *Bowlin*, 2018 TN Wrk. Comp. App. Bd. Lexis 6, at *15.

Following our remand of the case, the parties reached a settlement agreement as to all issues except for attorney's fees and informed the trial court that Employer did not agree to pay attorney's fees based on a percentage of the medical expenses the court had earlier ordered Employer to pay. The Court of Workers' Compensation Claims held a compensation hearing to consider the terms of the parties' settlement agreement and to resolve the attorney's fee issue. At the hearing, the parties agreed that Employee incurred medical expenses totaling $89,377.37, and that Employer had paid a total of $24,382.08 under Tennessee's medical fee schedule to satisfy the medical expenses the court had ordered Employer to pay.[1] In the pre-hearing brief filed by Employee and during the hearing, counsel for Employee did not request an attorney's fee for Employer's allegedly wrongful denial of medical benefits as provided in section 50-6-226(d)(1)(B), "but instead, [sought] only a claim for fees pursuant to [section] *50-6-226(a)(1)* based upon the award of medical benefits at the Expedited Hearing." (Emphasis in original.) Employee contended the court should order Employer to pay a 20% attorney's fee on the "full unpaid medical expenses [of $89,337.37] presented at the Expedited Hearing." Following the hearing, the court found the settlement provided Employee substantially the benefits to which she was entitled and approved the settlement, including a 20% attorney's fee to her counsel from the permanent partial disability benefits the parties agreed Employee would receive. However, the court denied Employee's request for attorney's fees on the contested medical benefits based on the language in section 50-6-226(a)(1), stating:

---

[1] Pursuant to Tennessee Code Annotated section 50-6-204, the Administrator of the Bureau of Workers' Compensation adopted rules to establish a comprehensive medical fee schedule. *See* Tenn. Comp. R. & Regs. 0800-02-17-.01 (2019).

4

Though [Employer] paid the medical bills only after a Court order, and her attorney is entitled to a fee for obtaining that recovery, the Court cannot compel [Employer] to pay the fee. Under section 50-6-226(a), any fees on contested medicals must be paid by the party employing the attorney out of her recovery.

Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2019). The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

Employee raises a single issue on appeal, stated in her brief as "whether the trial court erred in failing to order Employer to pay Employee's . . . attorney's fees based on the unpaid medical expenses of $89,377.37 ordered to be paid per the Expedited Hearing Order." Here, as in the trial court, Employee contends Employer should pay attorney's fees "in accordance with [section] 50-6-226(a)(1)," which provides as follows:

> The fees of attorneys for services to employees under this chapter, shall be subject to the approval of the workers' compensation judge before which the matter is pending, as appropriate; provided, that no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award to be paid by the party employing the attorney.

Initially, we return to the 2017 expedited hearing to provide additional context to the current appeal. In the 2017 expedited hearing, Employee sought medical and temporary disability benefits as well as attorney's fees for Employer's alleged wrongful denial of

5

Employee's claim pursuant to section 50-6-226(d)(1)(B). The trial court denied Employee's request for attorney's fees under section 50-6-226(d)(1)(B), stating that the statute "allows [attorney's fees] when an attorney pursues a 'wrongfully' denied claim." Citing our decision in *Andrews v. Yates Services, LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (Tenn. Workers' Comp. App. Bd. May 23, 2017), the Court of Workers' Compensation Claims concluded there was "no reason to deviate from [the *Andrews*] standard at this interlocutory stage but *reserve[d] consideration of any further application until after final resolution of the case.*" (Emphasis added.) However, in the September 2017 expedited hearing order, the court ordered Employer to pay certain bills Employee incurred for treatment of her work injury, adding that "[Employee's] counsel is entitled to a twenty percent attorney['s] fee on the award of medical benefits under Tennessee Code Annotated section 50-6-226(a)(1)." The order did not address who would be responsible for paying the attorney's fees authorized by section 50-6-226(a)(1).

Employer appealed the 2017 decision and, in its brief, asserted the trial court erred "when it *ordered [Employer] to pay [Employee's]* counsel an attorney fee based [on] unpaid medical bills because the issue was not ripe at the interlocutory stage." (Emphasis added.) Notwithstanding that the trial court did not order *Employer* to pay the attorney's fee but awarded Employee's counsel a twenty percent fee in accordance with section 50-6-226(a)(1), Employer argued the court erred in prematurely awarding an attorney's fee. We vacated the attorney's fee award, concluding "it was premature for the trial court to award attorney's fees at this stage of the case."

Following our remand of the case, Employee filed a motion to enforce payment of the medical benefits previously ordered by the trial court, requesting additionally that the court award attorney's fees pursuant to section 50-6-226(d)(1)(A) for Employer's alleged failure to provide the medical benefits the court had previously ordered in the expedited hearing.[2] The trial court granted Employee's motion and ordered Employer to "pay attorney's fees to [Employee's] counsel, under Tennessee Code Annotated section 50-6-226(d)(1)(A) in the amount of $750." At a subsequent status hearing, the parties informed the court they had settled the case but had a dispute as to the payment of attorney's fees. In an order setting a compensation hearing, the trial court stated that "an issue remained regarding attorney's fees for recovery of contested medical bills." The court's order noted that the court "awarded [Employee's] counsel a twenty percent attorney's fee on the

---

[2] Tennessee Code Annotated section 50-6-226(d)(1)(A) authorizes the Court of Workers' Compensation Claims to award reasonable attorney's fees when an employer "[f]ails to furnish appropriate medical, surgical, and dental treatment or care . . . to an employee provided for in a settlement, expedited hearing order, compensation hearing order, or judgment . . . ."

contested medical bills, but the Appeals Board vacated the award on grounds that an award of fees was inappropriate at the interlocutory stage of the case."

As noted above, the parties agreed on the amount of medical expenses Employee incurred and agreed on the amount Employer paid under the medical fee schedule to satisfy the medical expenses the court ordered Employer to pay. We emphasize that, in the compensation hearing, Employee did not request attorney's fees for Employer's alleged wrongful denial of Employee's claim. Rather, Employee's request for attorney's fees was limited to fees recoverable pursuant to section 50-6-226(a)(1) and based upon the award of medical benefits included in the 2017 expedited hearing order.

Employee contended in the compensation hearing that Employer should pay a 20% attorney's fee on the "full unpaid medical expenses [of $89,337.37] presented at the Expedited Hearing." The trial court concluded that the parties' settlement agreement provided Employee substantially the benefits to which she was entitled, and the court approved the settlement, including a 20% attorney's fee for Employee's counsel based on the permanent partial disability benefits the parties agreed Employee would receive. However, the court declined to order Employer to pay attorney's fees on the medical benefits previously recovered by Employee based on the statutory language of section 50-6-226(a)(1), which, as previously quoted, states that "no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award to be paid by the party employing the attorney."

In her brief, Employee correctly notes that the Tennessee Supreme Court long ago held that contested medical expenses are part of the "recovery or award" upon which attorney's fees may be awarded. *See Langford v. Liberty Mutual Ins. Co.*, 854 S.W.2d 100, 102 (Tenn. 1993). Although the 2013 Workers' Compensation Reform Act modified section 50-6-226(a), the changes did not vitiate or impair the precedent *Langford* established. The determinative issue in this appeal is whether the Court of Workers' Compensation Claims may order *an employer* to pay attorney's fees on contested medical expenses recovered by or awarded to an employee pursuant to section 50-6-226(a)(1).[3]

---

[3] Were we to answer this question affirmatively, we would have to address whether the trial court erred in failing to order Employer to pay attorney's fees under the circumstances presented and, if so, whether the attorney's fees are based on the amount of the expenses charged by the providers or the amounts paid by Employer under the fee schedule. Our conclusion that section 50-6-226(a)(1) does not authorize the Court of Workers' Compensation Claims to order an employer to pay attorney's fees on disputed medical expenses pretermits these issues.

Employee asserts that "case law supports Employer's liability" to pay attorney's fees recovered or awarded pursuant to section 50-6-226(a)(1). After analyzing several cases addressing the issue, Employee asserts the instant case is most similar to *Reatherford v. Lincoln Brass Works*, No. 01S01-9707-CV-00145, 1998 Tenn. LEXIS 33 (Tenn. Workers' Comp. Panel Jan. 26, 1998) and *Moore v. Town of Collierville*, 124 S.W.3d 93 (Tenn. 2004). Employee contends these cases support her assertion that "Employer is liable to pay Employee's counsel the attorney's fee on the contested medical bills" that Employee recovered. Our review of the case law does not support Employee's position.

As noted above, in 1993 the Tennessee Supreme Court, in a case of first impression, held that medical expenses awarded by a trial court are part of the "recovery or award" under section 50-6-226(a) and are, therefore, subject to attorney's fees. In *Langford*, the employer denied the employee's claim, and, after a trial, the court found the claim to be compensable and awarded benefits, including $17,939.51 in medical expenses the employee had incurred. The trial court ordered the employer to pay the medical expenses directly to the employee who, in turn, was responsible for paying the medical providers. The trial court's order also provided that an attorney's fee in the amount of 20% was proper "upon 'the total recovery herein.'" *Langford*, 854 S.W.2d at 100. A dispute arose thereafter as to whether attorney's fees were assessable against the funds held for payment to the medical providers, and the trial court resolved the dispute by holding the medical expenses were not subject to attorney's fees. The Supreme Court reversed, concluding that "contested medical expenses are a part of the 'recovery or award' specified in [section] 50-6-226(a) on which attorneys' fees may be assessed." *Id.* at 102. The Court stated that "attorneys' fees in the amount of 20 percent shall be awarded *out of the medical expenses recovered* in the judgment in the amount of $17,939.51." *Id.* (emphasis added). The defendant employer had been dismissed from the appeal and did not take a position in the appeal.

The Supreme Court addressed section 50-6-226(a) again three years later in *Wilkes v. The Resource Authority of Sumner County*, 932 S.W.2d 458 (Tenn. 1996), where the employee's recovery or award included the expenses of reconstructive surgery. An issue arose "concerning the propriety of awarding attorney's fees against medical expenses associated with the reconstructive surgery," and the trial court refused to award attorney's fees assessed against the medical expenses. However, the precise issue in the instant case was not presented in *Wilkes*. The issue there was whether the employee's attorney was entitled to an award of fees from the expenses related to the reconstructive surgery. The issue did not concern whether the employer could or would be responsible for such fees. The Supreme Court held the employee's attorney was entitled to an award of fees from the expenses related to the surgery and noted "the practical impact of this holding is that the

8

employee will not receive one hundred percent of the cost of the surgery." The Court stated that "[a]lthough this result is not attractive, we are not at liberty to rewrite Tennessee Code Annotated Section 50-6-226(a) to provide for attorney's fees in addition to the 'amount of the recovery or award.' Such a change would require legislative action." *Id.* at 464. In the twenty-four years since *Wilkes* was decided, the legislature has not rewritten the statute to provide for a different result.

In *Reatherford*, cited by Employee as being "more akin" to the case presently before us, the employee's recovery included "all medical expenses," which was comprised of $11,438 for treatment provided by the Veterans' Administration ("VA"). Following an appeal in which the Supreme Court affirmed the trial court's judgment, the employee filed a motion in the trial court in which the employee sought "judicial coercion" of the employer to pay the benefits that were awarded, including interest. *Reatherford*, 1998 Tenn. LEXIS 33, at *2. The employer responded by stating that the interest had been paid and that, with respect to the medical expenses, it had received a letter from the VA prior to trial asserting a subrogation interest of $11,438 and requesting payment for its interest. Further, the employer's response stated that, after the case was concluded, the VA agreed to accept $7,625 in settlement of its claim for medical expenses. *Id.* Against that background, the trial court ruled that the VA had a subrogation interest in the amount of $11,438 for the medical treatment it provided, and the court awarded the employee's attorney a twenty percent fee for representing the VA's interest "with such payment to be made by the [employer]." *Id.* at *3. The employer appealed, questioning the award of attorney's fees. The Supreme Court Special Workers' Compensation Appeals Panel affirmed the trial court's order, noting that the initial judgment directed the employer to pay "'all medical expenses,' as contrasted to specific amounts to named providers." *Id.* at *4. The Panel affirmed the trial court's order that the employer pay an attorney's fee based on the employee's attorney's representation of the VA's subrogation interest, stating "[w]e know of no authority, and none has been cited to us, for the proposition that under the circumstances of this case the [employer] should be allowed to defeat the attorney fee in the manner fashioned." *Id.* at *5. The critical distinction in *Reatherford* is that the employer was ordered to pay an attorney's fee based on an attorney's representation of a third party in the recovery of its subrogation lien and not based on the attorney's representation of the employee. The facts, procedure, and issue regarding the claim for attorney's fees in *Reatherford* differ significantly from the instant case, and the Panel's holding does not support the assertion that section 50-6-226(a)(1) authorizes the Court of Workers' Compensation Claims to order an employer to pay attorney's fees on the amount of disputed medical expenses that an *employee* recovers.

9

Finally, in *Moore*, also relied on by Employee, the issue presented to the Supreme Court was "whether an employer is liable to a health insurer who paid medical expenses incurred by an employee as a result of a work-related injury but did not intervene in the workers' compensation suit to seek reimbursement." *Moore*, 124 S.W.3d at 97. The Supreme Court did not address section 50-6-226(a) in *Moore* but, instead, focused on an employer's liability for unauthorized medical expenses paid by a third-party insurer and whether that insurer must intervene in the workers' compensation case to secure reimbursement from the employer. The *Moore* Court concluded that an employer "is liable for all medical expenses deemed reasonable and necessary as a result of the workplace injury and shall be required to reimburse the employee's health insurer who has paid those expenses without the necessity of the insurer intervening in the workers' compensation claim." *Id.* at 100. The Court remanded the case to the trial court to determine whether and to what extent the employee's health insurer paid medical expenses that were reasonable, necessary, and on account of the work-related injuries. In addition, the Court stated that "[t]he employee's attorney shall be entitled to the statutory attorney's fee based on these additional recovered medical expenses." *Id.* However, the Court did not address whether the employer was responsible for paying the statutory attorney's fees or whether such fees would be deducted from the amounts recovered. Thus, *Moore* is clearly distinguishable from the instant case and, like *Reatherford* and *Wilkes*, does not support the assertion that section 50-6-226(a)(1) authorizes the Court of Workers' Compensation Claims to order an employer to pay attorney's fees on contested medical expenses that are recovered or awarded to an employee.

In summary, case law has clearly established precedent for awarding attorney's fees on medical expenses recovered or awarded to an employee. However, Employee has not cited, nor have we located, a case holding that an employer may be liable for the attorney's fees authorized in section 50-6-226(a)(1). Moreover, a plain reading of section 50-6-226(a)(1) indicates that the attorney's fees are to be "paid by the party employing the attorney." Tenn. Code Ann. § 50-6-226(a)(1). This language has been part of the workers' compensation law since its 1919 inception. *See* Acts 1919, ch. 123, § 33.

## Conclusion

We affirm and certify as final the trial court's July 16, 2020 order approving the settlement of Employee's claim and denying Employee's request for attorney's fees on the contested medical benefits. Costs on appeal are taxed to Employee.

10

# IN THE SUPREME COURT OF TENNESSEE
## SPECIAL WORKERS' COMPENSATION APPEALS PANEL
## AT JACKSON

## NICOLE BOWLIN v. SERVALL, LLC ET AL.

**[TrialCourt] for Workers' Compensation Appeals Board County**
**No. 2017-07-0224**

---

**No. W2020-01708-SC-R3-WC**

---

FILED

AUG 1 3 2021

Clerk of the Appellate Courts
Rec'd By

## JUDGMENT ORDER

This case is before the Court upon the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference.

Whereupon, it appears to the Court that the Memorandum Opinion of the Panel should be accepted and approved; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court.

Costs are assessed to Nicole Bowlin, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM